IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G.T., by and through next friend JANE DOE, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.<br><br>Defendant. | Civil Action No:<br><br>Removed from the Circuit Court of Cook County, Illinois Chancery Division<br>**Case No. 2021CH03958** |

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL**

To:    Iris Y. Martinez
         Clerk of the Circuit Court
         Richard J. Daley Center, Room 802
         50 West Washington Street
         Chicago, Illinois 60602

         Keith J. Keogh
         Theodore H. Kuyper
         Gregg M. Barbakoff
         KEOGH LAW, LTD.
         55 W. Monroe Street, Suite 3390
         Chicago, Illinois 60603

**I.     INTRODUCTION**

Samsung Electronics America, Inc. files this Notice of Removal to remove this proposed class action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division because the case meets all the requirements for federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  This Court has original jurisdiction over this action under CAFA because this is a civil class action involving 100 or more proposed class members, the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and minimal diversity of the parties exists.  28 U.S.C. § 1332(d)(2)

**II.     PLAINTIFF'S CLASS ACTION COMPLAINT**

1.     Plaintiff G.T., a minor by and through next friend Jane Doe, commenced this proposed class action by filing a complaint on August 11, 2021, in the Circuit Court of Cook County, Illinois County Department, Chancery Division, Case No. 2021CH03958, captioned *G.T. by and through next friend JANE DOE, individually and on behalf of all others similarly situated*, v. Samsung Electronics America, Inc.  A true and correct copy of the Class Action Complaint served upon Samsung is attached as **Exhibit A**.

2.     Plaintiff's complaint expressly describes this action as a class action lawsuit and seeks relief on behalf of a putative class of Illinois residents for purported violations of the Illinois Biometric Information Privacy Act ("BIPA), 740 ILCS 14/1 *et seq*.  *E.g.*, **Ex. A** at Introduction & ¶¶ 72-78.

3.     Plaintiff, on behalf herself and the proposed class, seeks statutory damages and other relief in excess of $5 million.  She alleges the proposed class is "reasonably believed to include *thousands* of persons" and seeks statutory damages of $5,000 for each intentional or

reckless violation of BIPA pursuant to 740 ILCS 14/20(2), among other things. **Ex. A ¶¶** 75, 89, (emphasis added).

### III. REMOVAL IS TIMELY

4. Samsung was served with the complaint on August 20, 2021. This Notice of Removal thus is timely filed within the time frame provided by 28 U.S.C. § 1446(b).

### IV. REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT 28 U.S.C. §1332(d)

5. This Court has original jurisdiction under CAFA, 28 U.S.C. §1332(d), and removal is proper. The Class Action Fairness Act of 2005 ("CAFA") applies to civil class actions commenced on or after February 18, 2005. *See* Pub. L. No. 109-2 § 9, 119 Stat. 4, 14 (2005).

6. Plaintiff seeks relief on behalf of a proposed class under 735 Ill. Comp. Stat. 5/2-801 (*see* **Ex. A ¶¶** 72-78), the state law that authorizes class actions. *See Marshall v. H&R Block Tax Servs., Inc.*, 564 F.3d 826, 829 (7th Cir. 2009).

7. Under CAFA, this Court has federal diversity jurisdiction over any class action in which (1) the proposed class has at least 100 members, (2) the amount in controversy exceeds the sum or value of $5,000,000 exclusive of costs and fees, and (3) any member of the proposed class is a citizen of a different state than any defendant. 28 U.S.C. §1332(d)(2)(A); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).[1]

---

[1] Samsung does not concede that a class may be properly certified in this action, or that any of the requirements of Rule 23 have been met or can be proven (including Rule 23(a)'s numerosity requirement). Rather, Samsung offers these numbers based on Plaintiff's allegations and solely to place certain facts before the Court that are relevant to evaluating the CAFA criteria.

### A. The Proposed Class Exceeds 100 Members

8. This case satisfies the requirement under 28 U.S.C. § 1332(d)(5)(B) that the class proposed by Plaintiff have at least 100 members. Plaintiff alleges she seeks to represent a class that "is reasonably believed to include thousands of persons." **Ex. A** ¶ 75.

### B. The Amount in Controversy Exceeds $5,000,000

9. Based on Plaintiff's allegations, the matter in controversy exceeds $5 million when aggregated across all proposed class members. *See* 28 U.S.C. § 1332(d)(6)).

10. While the complaint does not set forth a specific total sum of damages sought against Samsung, it is apparent that the amount in controversy is in excess of $5 million, exclusive of interest and costs. As noted above, Plaintiff alleges that the class "is reasonably believed to include thousands of persons." **Ex. A** ¶ 75. Plaintiff also alleges that "on behalf of herself and the Class, Plaintiff seeks….(3) statutory damages of **$5,000** for each intentional or reckless violation of BIPA pursuant to 740 ILCS § 14/20(2) . . . ." *Id* ¶ 89 (emphasis added). The amount in controversy of the aggregate claims of "thousands" of putative class members therefore must exceed $5,000,000, not even considering the value of the many other forms of relief the complaint seeks.

### C. Minimal Diversity of Citizenship Exists

11. Finally, the third CAFA requirement of minimal diversity also exists. "Minimal diversity" exists if the citizenship of "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A).

12. Samsung is incorporated in New York, as the Complaint alleges. *See* **Ex. A** ¶ 10. Samsung maintains its headquarters and principal place of business in Ridgefield Park, New Jersey. *See* Declaration of Juliet Consignado, Attached as **Exhibit B**, ¶ 3. Accordingly,

Samsung is a citizen of New York and New Jersey for purposes of federal jurisdiction. *See* 28 U.S.C. § 1332(c)(1). It is not a citizen of Illinois.

13. Plaintiff G.T. and her next friend Jane Doe are both citizens of Illinois, according to the allegations in the complaint. *See* **Ex. A ¶¶** 8-9. Moreover, the proposed class consists of "All individuals who, ***while residing in the State of Illinois***, had their biometric identifiers or biometric information collected, captured, received or otherwise obtained and/or stored by Samsung." *Id.* ¶ 72.

14. Minimal diversity therefore exists as Plaintiff, and Plaintiff's "next friend" are citizens of Illinois (as indeed is the entire proposed class), while Samsung is a citizen of New York and New Jersey.

15. None of the discretionary exceptions to this Court's exercise of jurisdiction enumerated in 28 U.S.C. § 1332(d) apply to this action. Specifically, Plaintiff and Plaintiff's next friend are citizens of Illinois, and the proposed class consists of "All individuals who … resid[e] in the State of Illinois." **Ex. A ¶** 72. This jurisdictional exception for when a class is "greater than one-third but less than two-thirds … and the primary defendants are citizens of the State in which the action was originally filed …" does not apply. 28 U.S.C. § 1332(d)(3), *see also Hart v. FedEx Ground Package Sys.*, 457 F.3d 675, 681-82 (7th Cir. 2006).

### V. **THIS COURT IS THE PROPER VENUE FOR THE REMOVED ACTION**

16. This Court is the proper venue for the removed action. A civil action "may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The United States District Court for the Northern District of Illinois, Eastern Division, is the "district and division embracing" Cook County. *See* 28 U.S.C. § 93(a)(1). Therefore, venue properly lies in this Court.

## VI. SAMSUNG HAS COMPLIED WITH ALL PROCEDURAL PREREQUISITES FOR REMOVAL

17. Counsel for Samsung certifies that a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, pursuant to 28 U.S.C. § 1446(d).

18. Samsung is the only defendant named in the complaint, and in any event removal based on CAFA jurisdiction does not require consent of other defendants. 28 U.S.C. § 1453(b); *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017).

19. Samsung reserves the right to amend or supplement this Notice of Removal, and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure 12. This Notice of Removal is filed without prejudice to Samsung's defenses, including that this matter may be subject to a motion to compel arbitration.

WHEREFORE, Samsung desires to remove this case to the United States District Court for the Northern District of Illinois, Eastern Division, being the district and division of the Court for the County in which this action is pending, and prays that the filing of this Notice of Removal shall effect the removal of this suit to this Court.

Dated: September 20, 2021    By: /s/ *Mark H. Boyle*
                                 Mark H. Boyle

                                 ATTORNEY FOR DEFENDANT
                                 SAMSUNG ELECTRONICS AMERICA, INC.

                                 DONOHUE BROWN MATHEWSON & SMYTH LLC
                                 Mark H. Boyle
                                 Emily E. Dory
                                 140 South Dearborn Street, Suite 800
                                 Chicago, IL 60603
                                 (312) 422-0900
                                 boyle@dbmslaw.com
                                 dory@dbmslaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of September 2021, she caused the foregoing DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF REMOVAL to be filed with the Clerk of the District Court via the CM/ECF system, which will send notification of such filing to the following:

/s/ *Mary D. Collins*

Donohue Brown Mathewson & Smyth, LLC
140 South Dearborn Street, Suite 800
Chicago, IL 60603
(312) 422-0900

**Counsel for Plaintiff,**
 **G.T., by and through next friend JANE DOE:**

Keith J. Keogh
Theodore H. Kuyper
Gregg M. Barbakoff
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tkuyper@keoghlaw.com
gbarbakoff@keoghlaw.com