IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| G.T., by and through next friend LILIANA T. HANLON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-04976 |
| v. | ) ) | Hon. Martha M. Pacold |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) ) ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

Plaintiff G.T., and Defendant Samsung Electronics America, Inc. ("Defendant" or "Samsung"), submit the following pursuant to ECF No. 13.[1]

1. **Nature of the Case**

    **A. Identify all attorneys of record for each party, including the lead trial attorney.**

    For Plaintiff
    Keith J. Keogh (Lead Trial Attorney)
    Theodore H. Kuyper
    Gregg M. Barbakoff
    KEOGH LAW, LTD.
    55 W. Monroe Street, Suite 3390
    Chicago, Illinois 60603
    keith@keoghlaw.com
    tkuyper@keoghlaw.com
    gbarbakoff@keoghlaw.com

    For Defendant
    Randall W. Edwards (Lead Trial Attorney)
    Matthew D. Powers
    Benjamin C. Seelig
    O'MELVENY & MYERS LLP
    2 The Embarcadero Center, 28th Floor

---

[1] Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree to service of all papers in this case via email copying all counsel of record for the party upon whom service is being made.

1

San Francisco, California 94111
(415) 984-8700
redwards@omm.com
mpowers@omm.com
bseelig@omm.com

Mark H. Boyle
Donohue Brown Mathewson & Smyth, LLC
140 S. Dearborn Street, Suite 800
Chicago, Illinois 60603
(312) 422-0900
boyle@dbmslaw.com

**B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

This putative class action asserts violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, stemming from the facial recognition feature of Samsung's Gallery software application ("Gallery App"), which comes pre-installed on Samsung devices. Specifically, Plaintiff alleges Samsung collected, captured or otherwise obtained, stored, and possessed her and the class members' biometric identifiers (*i.e.* scans of face geometry) and biometric information via its Gallery App without complying with BIPA.

Plaintiff alleges Samsung violated two subsections of BIPA: (1) Samsung did not make the necessary written disclosures and obtain informed signed written consent before collecting, capturing, or otherwise obtaining scans of Plaintiff's and the class members' face geometry and their biometric information, as required by 740 ILCS 14/15(b); and (2) Samsung did not develop and comply with a written, publicly-available retention schedule and guidelines for permanently destroying the scans of Plaintiff's and the class members' face geometry and their biometric information, as required by 740 ILCS 14/15(a).

Samsung denies Plaintiff's claims. Samsung has moved to compel arbitration and claims the dispute is subject to a binding arbitration clause and should not be adjudicated in court.

2

121425_6

Samsung further asserts that Plaintiff's claims fail on the merits because the alleged "face template" data used by the Gallery App on Plaintiff's phone does not constitute "biometric information" or "biometric identifiers" under BIPA, and Samsung does not collect or store that data. Samsung will oppose class certification both because of the class action waiver in the alleged agreements between Plaintiff and Samsung and because Samsung claims the prerequisites of Federal Rule of Civil Procedure 23 cannot be satisfied.

There are no counterclaims or third-party claims.

**C. Briefly identify the major legal and factual issues in the case.**

The Parties identify the following major factual and legal issues in this BIPA case:

1. Whether Plaintiff's claims against Samsung are subject to mandatory arbitration;

2. Whether Samsung collected, captured, or otherwise obtained Plaintiff's and the proposed Class members' biometric identifiers or biometric information;

3. Whether Samsung possessed Plaintiff's and the proposed Class members' biometric identifiers or biometric information;

4. Whether the data at issue qualifies as "biometric information" or "biometric identifiers" under BIPA;

5. Whether Samsung accesses or can access Gallery App data (Plaintiff denies that this is a major issue or is dispositive of any other issue);

6. Whether Samsung violated BIPA;

7. Whether any violations of BIPA were negligent, reckless, or intentional; and

8. Whether any proposed class could be certified.

**D. State the relief sought by any of the parties.**

Plaintiff, on behalf of herself and a proposed class of similarly-situated individuals, seeks $5,000 for each reckless or willful violation of BIPA, or $1,000 for each negligent violation of

3

BIPA, pursuant to 740 ILCS 14/20. Plaintiff also seeks declaratory relief, injunctive relief to ensure Defendant's compliance with BIPA, and reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20.

2. **<u>Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff's claims.</u>**

   A. **Identify all federal statutes on which federal question jurisdiction is based.**

   None.

   B. **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

   This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2).

   **(1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

   The matter in controversy exceeds $5 million when the claims of all class members are aggregated as required by 28 U.S.C. § 1332(d)(6). The proposed class is alleged to include thousands of persons, and Plaintiff seeks statutory damages of $5,000 for each intentional or reckless violation of BIPA Section § 15(a) and $5,000 for each intentional or reckless violation of BIPA Section § 15(b). There is no dispute that the amount in controversy exceeds $5 million.

   **(2) Identify the state of citizenship of each named party.**

   Plaintiff, a minor, and her next friend are both citizens of Illinois. Defendant is a citizen of New York (where Defendant is incorporated) and New Jersey (where Defendant has its principal place of business).

3. **<u>Status of Service</u>**

   The only named defendant, Samsung, has been served.

4

121425_6

**4. Consent to Proceed Before a United State Magistrate Judge**

Counsel has advised the parties that they may proceed before a Magistrate Judge if they consent unanimously. The Parties do not unanimously consent to proceed before a Magistrate Judge.

**5. Motions**

   **A. Briefly describe any pending motions.**

   Samsung has filed a motion to compel arbitration.

   **B. State whether the defendant anticipates responding to the complaint by filing an Answer or by means of a motion.**

   Samsung has filed a motion to compel arbitration. If the motion is denied, Samsung anticipates filing a motion to dismiss under Rule 12(b)(6) for failure to state a claim. The parties have agreed to this staggered briefing schedule. Samsung believes discovery should not commence until its motion to compel arbitration and any motion to dismiss have been resolved. Plaintiff believes that if the motion to compel arbitration is denied, discovery should proceed during the pendency of any motion to dismiss as is customary.

**6. Status of Settlement Discussions**

   **A. Indicate whether any settlement discussion have occurred.**

   To date, the Parties have not discussed the possibility of settlement. Plaintiff believes the Parties will need to engage in discovery related to the elements of Fed. R. Civ. P. 23, including the identity of class members, prior to entertaining a settlement.

   **B. Describe the status of any settlement discussions.**

   N/A

   **C. Whether the parties request a settlement conference.**

   Not at this time.

Dated: November 3, 2021

Respectfully submitted,

 /s/ Keith J. Keogh
Keith J. Keogh
Theodore H. Kuyper
Gregg M. Barbakoff
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tkuyper@keoghlaw.com
gbarbakoff@keoghlaw.com

***Attorneys for Plaintiff and the Putative Class***


 /s/ Randall W. Edwards
Randall W. Edwards (*pro hac vice*)
Matthew D. Powers (*pro hac vice*)
Benjamin C. Seelig (*pro hac vice*)
O'MELVENY & MYERS LLP
2 The Embarcadero Center, 28th Floor
San Francisco, California 94111
(415) 984-8700
redwards@omm.com
mpowers@omm.com
bseelig@omm.com

 /s/ Mark H. Boyle
Mark H. Boyle
Donohue Brown Mathewson & Smyth, LLC
140 S. Dearborn Street, Suite 800
Chicago, Illinois 60603
(312) 422-0900
boyle@dbmslaw.com

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on November 3, 2021, I caused a copy of the foregoing ***Joint Initial Status Report*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

                                            /s/ Keith J. Keogh

121425_6