**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| G.T., by and through next friend LILIANA T. HANLON, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-04976 |
| v. | ) | Hon. Martha M. Pacold |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) | |
| Defendant. | ) | |

**RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION TO COMPEL ARBITRATION**

# TABLE OF CONTENTS

INTRODUCTION....................................................................................................................1

ARGUMENT.........................................................................................................................2

I. There is No Arbitration Agreement or Delegation Clause between Plaintiff and Samsung..........................................................................2

II. Samsung Cannot Enforce the Arbitration Agreement Against Plaintiff as a Non-Signatory..........................................................................................................4

A. Plaintiff is Not Bound by Agency..............................................................4

B. Plaintiff is Not Bound by the Third-Party Beneficiary Doctrine.............................8

III. The Arbitration Agreement is Unenforceable as Plaintiff is a Minor and Disaffirmed..........................................................................................................11

IV. The Delegation Clause is Unenforceable as Plaintiff is a Minor and Disaffirmed..........................................................................................................15

CONCLUSION...................................................................................................................16

# TABLE OF AUTHORITIES

## Cases


*A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054 (7th Cir. 2018) ........................................... 1, 10

*A.V. v. iParadigms*, 544 F. Supp. 2d 473 (E.D. Va. 2008) ........................................................ 13

*Adsit Co. v. Gustin*, 874 N.E.2d 1018 (Ind. Ct. App. 2007) ......................................................... 7

*Andes v. Lauer*, 399 N.E.2d 990 (Ill. App. Ct. 1980) ................................................................. 5

*Arthur Andersen LLP v. Carlisle*, 556 U.S. (2009) .................................................................... 3

*B.F. v. Amazon*, 2019 U.S. Dist. LEXIS 230144 (W.D. Wash. Oct. 21, 2019) ............................ 7

*Bank of Marion v. Robert "Chick" Fritz, Inc.*, 291 N.E.2d 836 (Ill. App. Ct. 1973) ................. 3, 4

*Cannon v. Burge*, 2006 U.S. Dist. LEXIS 4040 (N.D. Ill. Feb. 2, 2006) ...................................... 9

*Carlson v. Glen Ellyn*, 158 N.E.2d 225 (Ill. App. Ct. 1959) ........................................................ 5

*Chopper Trading LLC v. Allston Trading LLC*,
2021 U.S. Dist. LEXIS 157815 (N.D. Ill. Aug. 20, 2021) ..................................................... 15

*Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727 (7th Cir. 2005) ...................................... 8, 10

*Costello v. Aurora*, 15 N.E.2d 38 (Ill. App. Ct. 1938) .................................................................. 5

*Dannewitz v. Equicredit Corp. of Am.*, 775 N.E.2d 189 (Ill. App. Ct. 2002) ............................. 10

*Doe v. Coll. Bd.*, 440 F. Supp. 3d 349 (S.D.N.Y. 2020) ............................................................. 14

*Dynas v. Nagowski*, 762 N.Y.S.2d 745 (App. Div. 4th Dept. 2003) ............................................ 5

*E.K.D. v. Facebook, Inc.*, 885 F. Supp. 2d 894 (S.D. Ill. 2012) ................................................. 14

*Ervin v. Nokia, Inc.*, 812 N.E.2d 534 (Ill. App. Ct. 2004) ..................................................... 4, 10

*First Options of Chi., Inc. v. Kaplan*, 514 U.S. (1995) ................................................................ 3

*Fuller v. Pool*, 258 Ill. App. 513 (1930) ..................................................................................... 12

*Gibbs v. Sequoia Capital Operations, LLC*, 966 F.3d 286 (4th Cir. 2020) ................................ 15

*Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287 (2010) ............................................. 3

*Hallock v. State*, 474 N.E.2d 1178 (N.Y. 1984) ........................................................................... 6

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019) .................................... 3

*Hofer v. Gap, Inc.*, 516 F. Supp. 2d 161 (D. Mass. 2007) ....................................................7

*I.C. ex rel. Solovsky v. Delta Galil USA*, 135 F. Supp. 3d 196 (S.D.N.Y. 2015)............ 11, 12, 13

*In re Reed*, 532 B.R. 82, 97 n.7 (Bankr. N.D. Ill. 2015) ....................................................5

*In re StockX Customer Data Sec. Breach Litig.*,
2021 U.S. App. LEXIS 35813 (6th Cir. Dec. 2, 2021).....................................................3

*Int'l Ins. Agency Servs., LLC v. Revios Reinsurance U.S., Inc.*,
2007 U.S. Dist. LEXIS 22229 (N.D. Ill. Mar. 27, 2007)..................................................11

*Iverson v. Scholl, Inc.*, 483 N.E.2d 893 (Ill. App. Ct. 1985) .........................................11, 14

*Johnson v. Noble*, 608 N.E.2d 537 (Ill. App. Ct. 1992) .....................................................10

*K.F.C. v. Snap, Inc.*, 2021 U.S. Dist. LEXIS 108695 (S.D. Ill. June 10, 2021)..........................15

*Logan Cty. Bank v. Taylor*, 295 N.E.2d 743 (Ill. App. Ct. 1973)...........................................12

*MacDonald v. CashCall, Inc.*, 883 F.3d 220 (3d Cir. 2018) ..................................................15

*Motise v. Am. Online, Inc.*, 346 F. Supp. 2d 563 (S.D.N.Y. 2004).......................................6, 7

*Norcia v. Samsung Telcoms. Am., LLC*, 845 F.3d 1279 (9th Cir. 2017)...................................13

*Ogden Power Dev. v. PMR Ltd. Co.*,
2015 U.S. Dist. LEXIS 66417 (S.D.N.Y. May 21, 2015) ..........................................8, 11

*Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. (2010) ...........................................3, 15, 16

*Rosner v. Caplow*, 432 N.Y.S.2d 577 (N.Y. Sup. Ct. 1980) .................................................12

*Scheurer v. Fromm Family Foods LLC*, 863 F.3d (7th Cir. 2017) ...........................................4

*Sheller by Sheller v. Frank's Nursery & Crafts*, 957 F. Supp. 150 (N.D. Ill. 1997)....................14

*Shepherd v. Shepherd*, 97 N.E.2d 273 (Ill. 1951) .......................................................11

*Snow v. Waffle House*, 2006 U.S. Dist. LEXIS 111565 (S.D. Ala. Dec. 4, 2006) .......................14

*Sosa v. Onfido Inc.*, 8 F.4th 631 (7th Cir. 2021).................................................4, 6, 8

*Spano v. V & J Nat'l Enters., LLC*, 264 F. Supp. 3d 440 (W.D.N.Y. 2017) .............................5, 6

*Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664 (7th Cir. 2004) ..........................5

*Stroupes v. Finish Line, Inc.*, 2005 U.S. Dist. LEXIS 6975 (E.D. Tenn. Mar. 15, 2005)............14

*Struebel v. Fladd*, 905 N.Y.S.2d 732 (App. Div. 4th Dept. 2010) ....................5

*Swiger v. Rosette*, 989 F.3d 501 (6th Cir. 2021)....................15

*Taylor v. Samsung Elecs. Am.*, 2018 U.S. Dist. LEXIS 138657 (N.D. Ill. Aug. 16, 2018)........7, 8

*Terrace Co. v. Calhoun*, 37 Ill. App. 3d 757 (Ill. App. Ct. 1976)....................12

*Uesco Indus. v. Poolman of Wis., Inc.*, 993 N.E.2d 97 (Ill. App. Ct. 2013) ....................5

*United States v. Berkowitz*, 927 F.2d 1376 (7th Cir. 1991)....................9

*Villalobos v. Cicero Sch. Dist. 99*, 841 N.E.2d 87 (Ill. App. Ct. 2005)....................14

*Weisbrook v. Clyde C. Netzley, Inc.*, 374 N.E.2d 1102, 1104 (Ill. App. Ct. 1978) ....................12

*Wilcosky v. Amazon.com, Inc.*, 517 F. Supp. 3d 751 (N.D. Ill. 2021) ....................6, 8

**Statutes**

9 U.S.C. § 4 ....................3

Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 ....................1

N.Y. C.P.L.R. § 3004....................12

For her response to Defendant Samsung Electronics America, Inc.'s ("Samsung") motion to compel arbitration (ECF No. 17), Plaintiff G.T., a minor, states as follows:

## INTRODUCTION

There is only one Plaintiff in this putative class action lawsuit. She is a twelve-year-old minor who claims Samsung violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, via Samsung's Gallery App which comes pre-installed on its devices and automatically captures users' biometric identifiers (*i.e.* scans of face geometry) and biometric information without prior informed written consent. Samsung seeks to compel Plaintiff to arbitrate her claims based on an arbitration clause (the "Arbitration Agreement") in Samsung's End User License Agreement ("EULA"). *See* ECF No. 17-6 (EULA); *id.* at § 16 (Arbitration Agreement).

But Plaintiff is not a party to the Arbitration Agreement or EULA, as Plaintiff's guardian purchased and opened the phone, completed the click-wrap activation and setup process, and did not give the phone to Plaintiff until after that process was complete. *See Declaration of Liliana Hanlon* ¶¶ 3, 5-7, attached as **Exhibit 1**. Samsung nevertheless makes several arguments that Plaintiff is bound by the Arbitration Agreement to which she is not a party. Each argument fails.

**First**, Samsung claims an arbitrator, not this Court, must decide whether the Arbitration Agreement is enforceable because there is a delegation clause in the Agreement. *See* ECF No. 17-6, § 16 (providing AAA rules apply) (hereinafter, "Delegation Clause"). But challenges to the existence of the contract containing the Delegation Clause or the Arbitration must *always* be decided by the court. Here, Plaintiff has no such contract with Samsung, and "the general rule is that non-signatories are not bound to arbitration agreements." *A.D. v. Credit One Bank, N.A.*, 885 F.3d 1054, 1060 (7th Cir. 2018). This is not an issue of the scope of the Arbitration Agreement or Delegation Clause, but whether the documents containing them formed a contract in the first place.

**<u>Second</u>**, Plaintiff is not bound to the Arbitration Agreement by agency principles because that would require Samsung to prove by a *preponderance* of evidence the twelve-year-old Plaintiff's adult-guardian was her agent, she controlled and directed the adult-guardian, and gave the guardian authority to enter into the Arbitration Agreement on her behalf, yet Samsung offers *no* evidence to support its agency argument.

**<u>Third</u>**, Plaintiff is not bound to the Arbitration Agreement as a third-party beneficiary of the EULA because no provision in the EULA identifies Plaintiff by name or describes a class to which she belongs in a way suggesting the EULA was made for her direct benefit. Instead, the EULA forecloses that notion by expressly excluding minors such as Plaintiff.

**<u>Fourth</u>**, even if Plaintiff would otherwise be bound to the Arbitration Agreement by one of the foregoing theories, the Arbitration Agreement (and Delegation Clause in it) would nevertheless be unenforceable, and thus Plaintiff would not be bound, because she is a minor and has disaffirmed them. Samsung's argument that Plaintiff lost her absolute right to disaffirm by using the phone in the interim is baseless because she is *still* a minor. Minors have until *after* they reach the age of majority to disaffirm and are unable to ratify contracts while still minors. Further, Plaintiff disaffirming the Arbitration Agreement and Delegation Clause after using the phone does not put her in a better position than she would have been absent the Agreement, nor would she be retaining any benefit of the Agreement by disaffirming, because the Agreement expressly provides one can opt-out and keep using the phone.

Therefore, as more fully detailed below, Samsung's motion should be denied.

## **<u>ARGUMENT</u>**

### **I. <u>There is No Arbitration Agreement or Delegation Clause between Plaintiff and Samsung.</u>**

The Federal Arbitration Act ("FAA") requires courts to compel arbitration only "upon

being satisfied that the making of the agreement for arbitration . . . is not in issue." 9 U.S.C. § 4. As such, "the court must resolve any issue that calls into question the formation . . . of the specific arbitration clause," which "issues always include whether the clause was agreed to." *Granite Rock Co. v. Int'l Bhd. of Teamsters*, 561 U.S. 287, 297 (2010). In addition, courts must always resolve contract formation issues regarding a delegation clause because "the FAA operates on this additional arbitration agreement just as it does on any other." *See Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010); *accord In re StockX Customer Data Sec. Breach Litig.*, 2021 U.S. App. LEXIS 35813, at *10-11 (6th Cir. Dec. 2, 2021) (first step of delegation clause analysis is court "resolve[s] any challenge that pertains to the formation or existence of the contract containing the delegation provision").[1]

In doing so, courts must "'apply ordinary state-law principles that govern the formation of contracts.'" *In re StockX*, 2021 U.S. App. LEXIS 35813 at *12 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995), citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009)). Furthermore, "'[c]ourts should not assume the parties agreed to arbitrate arbitrability," and thus, the party seeking to rely on a delegation provision must prove by "clear and unmistakable" evidence the other party agreed to it. *Rent-A-Center*, 561 U.S. at 69 n.1.

Here, Samsung cannot show by clear and unmistakable evidence Plaintiff agreed to any contract because Samsung never communicated any offer to Plaintiff nor did Plaintiff ever accept any offer made by Samsung; someone else did. *See Hanlon Decl.* ¶¶ 5-7; *Bank of Marion v. Robert "Chick" Fritz, Inc.*, 291 N.E.2d 836, 840 (Ill. App. Ct. 1973) ("before any agreement can exist, there must be an offer and acceptance," meaning "[i]n order that there be an agreement, the parties

[1] *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019) did not change this analysis as that case did not involve the issue of whether any contract containing a delegation clause or arbitration agreement was formed in the first place, but instead which tribunal determines whether a claim arises *where there was no dispute there was a contract between the parties*. *See id.* at 531.

must have a distinct intention common to both" and "[t]he intention of the parties must in some way be communicated" to the other contracting party because "[a]n intention not expressed [and] not communicated . . . is inoperative and immaterial to the question of the agreement" and "[t]he same is true of an intention communicated only to a third person").[2] As such, Plaintiff never agreed to the EULA or Arbitration Agreement, and no agreement between Plaintiff and Samsung containing the Delegation Clause was ever concluded. *See Bank of Marion*, 291 N.E.2d at 840 ("since there was no proof of communication of the [offeror]'s intention to [offeree], there was no proof of a valid contract between them").

## II. <u>Samsung Cannot Enforce the Arbitration Agreement Against Plaintiff as a Non-Signatory.</u>

State law dictates whether an arbitration agreement can be enforced against a non-signatory. *See Scheurer v. Fromm Family Foods LLC*, 863 F.3d 748, 752-53 (7th Cir. 2017). Here, Illinois law applies. *See supra* n.2. Although Illinois law recognizes a few theories on which a non-signatory can be compelled to arbitrate, *Ervin v. Nokia, Inc.*, 812 N.E.2d 534, 539 (Ill. App. Ct. 2004), neither theory Samsung invokes—*i.e.* agency and the third-party beneficiary doctrine—applies here.

### A. Plaintiff is Not Bound by Agency.

Samsung's attempt to enforce the Arbitration Agreement using agency principles is unavailing. "The test of agency is whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent and whether the alleged agent can

[2] Samsung identifies no substantive difference between Illinois and New York law and claims there is no conflict. *See Mot.* at n.5. Therefore, because Illinois is the forum state, Illinois law applies. *See, e.g., Sosa v. Onfido Inc.*, 8 F.4th 631, 637 (7th Cir. 2021) ("***<u>Sosa II</u>***") ("When a federal court sits in diversity, 'we look to the choice-of-law rules of the forum state to determine which state's law applies' to the issues before it. Under Illinois choice-of-law rules, forum law is applied 'unless an actual conflict with another state's law is shown, or the parties agree that forum law does not apply.' . . . 'The party seeking the choice-of-law determination bears the burden of demonstrating a conflict.'") (internal citations omitted).

affect the legal relationships of the principal." *Uesco Indus. v. Poolman of Wis., Inc.*, 993 N.E.2d 97, 112 (Ill. App. Ct. 2013). Furthermore, "[t]he acts of an agent beyond the scope of his authority cannot be imputed to his principal." *See, e.g.*, *Id.* "The burden of proving the existence of an agency relationship and the scope of authority is on the party seeking to charge the alleged principal." *Id.*; *Sphere Drake Ins. Ltd. v. Am. Gen. Life Ins. Co.*, 376 F.3d 664, 672 (7th Cir. 2004) ("by a preponderance of the evidence"); *Spano v. V & J Nat'l Enters., LLC*, 264 F. Supp. 3d 440, 451 (W.D.N.Y. 2017) ("A *full showing* of agency . . . is required[.]"). Thus, Samsung must offer "proof of the agency relationship and proof that the agent had authority to bind his principal." *In re Reed*, 532 B.R. 82, 97 n.7 (Bankr. N.D. Ill. 2015).

Rather than doing so, Samsung simply claims, without any meaningful argument or analysis, that Plaintiff's guardian "was her agent for the purposes of the agreement and the use of the device." *Mot.* at 12.[3] But under Illinois law, "[a]gency will not be inferred from the parent and child relationship," and if anything, the opposite is true. *Andes v. Lauer,* 399 N.E.2d 990, 993 (Ill. App. Ct. 1980); *Bost v. Paulson's Enters., Inc.*, 343 N.E.2d 168, 172 (Ill. App. Ct. 1976) ("parents are not agents for their children"); *Carlson v. Glen Ellyn,* 158 N.E.2d 225, 227 (Ill. App. Ct. 1959) (same); *Costello v. Aurora*, 15 N.E.2d 38, 40 (Ill. App. Ct. 1938) ("It cannot be controverted that a minor is incapable of appointing an agent[.]").[4] Hence, Samsung still must prove agency with evidence.

Yet Samsung offers <u>no</u> evidence of an agency relationship between Plaintiff and her guardian, much less evidence the twelve-year-old Plaintiff controlled and directed her adult-

[3] Referenced page numbers are taken from the CM/ECF header placed at the top of filings.

[4] *Accord Dynas v. Nagowski*, 762 N.Y.S.2d 745, 748 (App. Div. 4th Dept. 2003) ("a parent-child relationship is insufficient to establish an agency relationship"). *Struebel v. Fladd,* 905 N.Y.S.2d 732, 734 (App. Div. 4th Dept. 2010) ("mere intrafamilial activity will not give rise to an agency relationship").

guardian or gave the guardian authority to enter into the Arbitration Agreement on her behalf. Samsung's "conclusory allegations of a general agency relationship between a signatory and non-signatory do not suffice to compel . . . non-signatories to arbitrate." *Spano*, 264 F. Supp. 3d at 450.[5]

As a result, agency cannot bind Plaintiff to the Arbitration Agreement she did not sign. *See Wilcosky v. Amazon.com, Inc.*, 517 F. Supp. 3d 751, 771 (N.D. Ill. 2021) ("Amazon does not point to any evidence in support of its contention that Gunderson was E.G.'s agent. . . . Therefore, agency principles do not support Defendants' claim that E.G., as an undisputed non-signatory to the COUs or the TOUs, is bound by the arbitration agreement."); *Sosa II*, 8 F.4th at 641 ("In light of Illinois' recognition that elements of control and authority are essential to establish agency, and the lack of any evidence offered by Onfido to support these elements, the district court properly determined that Onfido failed to establish an agency relationship" and refused to compel arbitration); *Spano*, 264 F. Supp. 3d at 451 (rejecting agency as "mere speculation" as proponent failed to prove relationship or purported principal's control and direction).

Samsung's cases do not alter this result—nor did a single one of those cases bind a non-signatory *minor* to a contract using agency as Samsung contends. *See Mot.* at 19.

In *Motise v. Am. Online, Inc.*, 346 F. Supp. 2d 563 (S.D.N.Y. 2004), plaintiff used AOL "by signing on to the AOL account of his step-father." *Id.* at 564. When Plaintiff sued AOL for something which occurred while he was using *his step-father's account*, the court unsurprisingly held that "Plaintiff, as a user of *another's account*, is subject to the Terms of Service" the account

[5] Samsung also misrepresents New York law on creating apparent authority. *Compare Mot.* at 19 n.6 *with Hallock v. State*, 474 N.E.2d 1178, 1181 (N.Y. 1984) ("Essential to the creation of apparent authority are words or conduct *of the principal*, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction."). Samsung identifies no representations Plaintiff made to it, thus waiving any argument there was apparent authority.

holder had agreed to. *Id.* at 566. There was no minor or agency analysis involved. Just a plaintiff who—unlike Plaintiff here—impersonated someone else in order to use their account.

In fact, courts faced with the issue now before this Court have found such account-sharing cases "easily distinguishable." *See B.F. v. Amazon*, 2019 U.S. Dist. LEXIS 230144, at *34 (W.D. Wash. Oct. 21, 2019) ("***Amazon I***"). In *Amazon I*, the court rejected Amazon's reliance on two such cases and refused to enforce arbitration clauses that the minor-plaintiffs' parents entered into because, "[u]nlike the plaintiffs in [those cases], Plaintiffs did not need to 'implicitly represent' that they were another person to gain access to the . . . devices" at issue and "[t]hey were not asked to verify their identity, provide a password, or take any other steps to impersonate a registered accountholder to use the . . . devices." *Id.*, *adopted sub nom. by, B.F. v. Amazon.com Inc.*, 2020 U.S. Dist. LEXIS 63224 (W.D. Wash. Apr. 9, 2020).

Samsung's reliance on *Hofer v. Gap, Inc.*, 516 F. Supp. 2d 161 (D. Mass. 2007), *Adsit Co. v. Gustin*, 874 N.E.2d 1018 (Ind. Ct. App. 2007), and *Taylor v. Samsung Elecs. Am.*, 2018 U.S. Dist. LEXIS 138657 (N.D. Ill. Aug. 16, 2018) is equally unavailing because those cases did not involve minors and involved actual evidence of agency. *See Hofer*, 516 F. Supp. 2d at 174-75 (relying on evidence non-minor "plaintiff *authorized* . . . her friend and travel companion to book airline tickets and . . . reservations for their trip" and reimbursed the friend); *Adsit*, 874 N.E.2d at 1021-22, 1024 (relying on evidence non-minor daughter-in-law "provide[d the mother-in-law] with her credit card number" to complete purchase and mother-in-law used it "with [the daughter-in-law]'s *permission*").

Here, by contrast, Samsung offers no evidence the minor-Plaintiff, acting as her adult-guardian's principal, authorized the guardian to buy the phone on Plaintiff's behalf or reimbursed the guardian for it. Another court in this district recently rejected reliance on those cases for the

*same* reason in refusing to compel a minor-plaintiff to arbitrate her BIPA claims based on the Terms of Use her father had agreed to. *See Wilcosky*, 517 F. Supp. 3d at 771 ("*Hofer*, and *Adsit* are all distinguishable from this case. In each of those cases, the non-signatory . . . assented to the transaction. Here, Amazon has not adduced any evidence that E.G., a three-year-old at the time the Complaint was filed, assented to the transaction.").[6]

**B. Plaintiff is Not Bound by the Third-Party Beneficiary Doctrine.**

Samsung's reliance on the third-party beneficiary doctrine fares no better. Illinois recognizes two type of third-party beneficiaries: intended and incidental. *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 734 (7th Cir. 2005). Only intended beneficiaries have enforceable rights and obligation under a contract. *Id.* Thus, "Illinois courts . . . recognize a 'strong presumption against conferring contractual benefits on noncontracting third parties.'" *See, e.g.*, *Sosa II*, 8 F.4th at 639 (collecting cases).[7]

> To overcome that presumption, "the implication that the contract applies to third parties must be so strong as to be practically an express declaration." It is not enough to show that the "parties know, expect, or even intend that others will benefit from the agreement." Instead, for a nonparty to qualify as a third-party beneficiary, the language of the contract must show that "the contract was made for the direct, not merely incidental, benefit of the third person." **This intention "must be shown by an express provision in the contract identifying the third-party beneficiary by name or by description of a class to which the third party belongs."**

*Sosa II*, 8 F.4th at 639 (internal citations omitted) (collecting cases).

[6] *Taylor* is even further afield, as it held an employee was bound by an arbitration agreement his employer signed based on *evidence* and legal principles that only apply in the employer-employee context. *See* 2018 U.S. Dist. LEXIS 138657 at *13-14 (reasoning "[a]n employee is an agent of his employer when acting within the scope of his employment," relying on evidence phone "was 'a tool . . . our employees use to perform their jobs'").

[7] New York law is no different. *See Ogden Power Dev. v. PMR Ltd. Co.*, 2015 U.S. Dist. LEXIS 66417, at *20 (S.D.N.Y. May 21, 2015) (holding arbitration agreements "must not be so broadly construed as to encompass . . . parties that were not intended by the original contract").

Samsung makes no attempt to overcome this default presumption, nor does Samsung cite a single Illinois or New York case in which the court enforced an arbitration clause against a non-signatory minor under the third-party beneficiary doctrine, as Samsung seeks to do here. Indeed, Samsung does not even generally argue the EULA or Arbitration Agreement was entered into for the direct benefit of Plaintiff, much less point to language identifying Plaintiff by name or describing the class to which she belongs, as is required. Instead, Samsung relies solely on its conclusory assertion that Plaintiff "is the third-party beneficiary of the EULA that contains the Arbitration Agreement." *Mot.* at 20. Thus, Samsung waived its third-party beneficiary argument. *See, e.g.*, *Cannon v. Burge*, 2006 U.S. Dist. LEXIS 4040, at *77 (N.D. Ill. Feb. 2, 2006) (refusing to consider argument as "'perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived'") (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).[8]

Even ignoring the waiver, the terms of the EULA foreclose Samsung's ability to show Plaintiff was an intended beneficiary. As an initial matter, there is no language describing Plaintiff or even any class Plaintiff belongs to in a way which suggests the EULA or Arbitration Agreement was made for their "direct, not merely incidental" benefit. By contrast, the EULA forecloses any notion that the twelve-year-old Plaintiff was an intended beneficiary by providing that "[i]f you are under the age of 13, you may not license or use this software." ECF No. 17-6 at 3 (EULA). Clearly, Plaintiff cannot be the intended beneficiary when she was explicitly excluded. As such, Plaintiff is, at most, merely an incidental beneficiary with no enforceable rights or obligations under the EULA—including to arbitrate.

Even the cases Samsung cites establish Plaintiff is not a third-party beneficiary and she

[8] Any attempt by Samsung to elaborate in its reply brief cannot avoid the waiver because "arguments raised for the first time in a reply are waived." *See, e.g.*, *Cannon*, 2006 U.S. Dist. LEXIS 4040 at *77.

cannot be forced to arbitrate under the doctrine. *See Ervin*, 812 N.E.2d at 540-41 ("The WSG in this case, drafted by AT&T, specifically excludes the manufacture of the phone (Nokia is the manufacturer). . . . If AT&T intended that [non-signatory] Nokia be a third-party beneficiary of the WSG, it could have included Nokia in the WSG, not specifically excluded it. . . . Nokia was not a third-party beneficiary of the WSG."); *Dannewitz v. Equicredit Corp. of Am.*, 775 N.E.2d 189, 192 (Ill. App. Ct. 2002) ("[D]efendant is not an intended beneficiary under the arbitration agreement. Accordingly, the third-party beneficiary doctrine does not apply."); *see also A.D.*, 885 F.3d at 1062 (holding non-signatory minor was not bound by arbitration clause as she "was fourteen years old at the time . . . and, therefore, not even eligible to become an Authorized User under the cardholder agreement").

Samsung's other third-party beneficiary cases are inapposite because both cases enforced an arbitration agreement against *a signatory*—not a non-signatory. *See Cont'l Cas.*, 417 F.3d at 735 (holding non-signatory "ANICO may enforce . . . arbitration provision as a third-party beneficiary" against signatory); *Johnson v. Noble*, 608 N.E.2d 537, 541 (Ill. App. Ct. 1992) (holding non-signatories "Noble and Spight . . . are third-party beneficiaries" entitled to enforce arbitration agreement against signatory). Furthermore, unlike the EULA here that expressly excludes the class to which Plaintiff belongs, the agreements at issue in those cases contained provisions making clear they were entered into for the direct benefit of the non-signatories. *See Cont'l Cas.*, 417 F.3d 727, 735 (holding non-signatory "ANICO is a beneficiary of . . . Agreement as a pool participant" because Agreement "contemplates that [signatory] will participate [in pool] to the extent of its agreed share. . . including the block [] ceded by ANICO"); *Noble*, 608 N.E.2d at 539, 541 (non-signatories were "associated persons with a member" and terms of arbitration clause provided "a person associated with a member" could invoke arbitration).

The only other authorities Samsung cites to support its third-party beneficiary argument are equally inapposite. Neither *Int'l Ins.* nor *Ogden Power* even involved Illinois' (or any other State's) third-party beneficiary doctrine. *See Int'l Ins. Agency Servs., LLC v. Revios Reinsurance U.S., Inc.*, 2007 U.S. Dist. LEXIS 22229, at *7, *9 (N.D. Ill. Mar. 27, 2007) (applying federal law—before *Arthur Andersen* held state law applies—and "consider[ing] only the estoppel theory"); *Ogden Power Dev. v. PMR Ltd. Co.*, 2015 U.S. Dist. LEXIS 66417, at *22-23 (S.D.N.Y. May 21, 2015) (applying pre-*Arthur Andersen* federal law on equitable estoppel). As such, neither case supports Samsung's third-party beneficiary argument.

In sum, Samsung cannot demonstrate Plaintiff is bound to arbitrate under the third-party beneficiary doctrine.

## III. <u>The Arbitration Agreement is Unenforceable as Plaintiff is a Minor and Disaffirmed.</u>

Samsung argues Plaintiff is bound by the Arbitration Agreement "because she continued to use her phone and did not disaffirm" the Agreement. *Mot.* at 17. This argument fails.

It is well-established that "the contract of a minor is voidable and may be repudiated by the minor during minority or within a reasonable time upon achieving majority." *Iverson v. Scholl, Inc.*, 483 N.E.2d 893, 897 (Ill. App. Ct. 1985); *accord I.C. ex rel. Solovsky v. Delta Galil USA*, 135 F. Supp. 3d 196, 208 (S.D.N.Y. 2015) ("[T]he infant has an absolute right to disaffirm). To the extent Samsung suggests Plaintiff lost the ability to disaffirm the Arbitration Agreement or Delegation Clause by using the phone after setup, Samsung "miss[es] the mark—[Plaintiff] is still a minor, and the cases . . . expressly state that a minor must disaffirm a contract 'within a reasonable time after becoming of age,' *not* 'within a reasonable time after signing the contract[.]'" *Solovsky*, 135 F. Supp. 3d at 209.[9]

[9] *Accord Logan*, 295 N.E.2d at 743 ("Here, the disaffirmance . . . was prior to majority and therefore about as timely as it could be."); *Shepherd v. Shepherd*, 97 N.E.2d 273, 279 (Ill. 1951) (minor can only ratify "by

Since there's no debate Plaintiff has yet to reach the age of majority, she hereby disaffirms any contract Samsung could seek to enforce—including the Arbitration Agreement, the Delegation Clause, and the EULA. Plaintiff is no longer using the phone, and is prepared to return the phone to Samsung (for a refund, of course, less any deductions for wear and tear). *See Hanlon Decl.* ¶¶ 8-9; *Logan Cty. Bank v. Taylor*, 295 N.E.2d 743, 743 (Ill. App. Ct. 1973) ("[A] minor's contract may be avoided by any act showing unequivocally a renunciation of, or a disposition not to abide or be bound by the contract."); *Terrace Co. v. Calhoun*, 37 Ill. App. 3d 757, 762 (Ill. App. Ct. 1976) (when disaffirming, minor must return consideration in her possession to recover what she paid under contract); *Solovsky*, 135 F. Supp. 3d at 209-10 (same, and holding minor is responsible for wear and tear on goods returned); *see also* N.Y. C.P.L.R. § 3004 (courts shall not deny relief for failure to restore benefits received, but may make restoring benefits a condition of final judgment).

Plaintiff's "acceptance" of the benefits of the contract—*i.e.* her use of the phone—does not change the analysis. A minor's absolute right to disaffirm applies to contracts for consumer goods irrespective of whether the minor used the product in the interim. *See, e.g., Logan*, 295 N.E.2d at 743 (minor disaffirmed contract for purchase of car after driving it for two months); *Weisbrook v. Clyde C. Netzley, Inc.*, 374 N.E.2d 1102, 1104, 1106-07 (Ill. App. Ct. 1978) (permitting minor to disaffirm purchase agreement for car after driving it and damaging engine); *Fuller v. Pool*, 258 Ill. App. 513, 515 (1930) (disaffirming purchase agreement for car after driving it for three months).

A minor is only precluded from disaffirming a contract "where doing so would put her in a better position than she otherwise would have been absent the contract," *Solovsky*, 135 F. Supp.

---

acts recognizing the contract *after* becoming of legal age"); *Rosner v. Caplow*, 432 N.Y.S.2d 577, 583 (N.Y. Sup. Ct. 1980) ("What is significant is what she did *after* attaining her majority" as that's when "she was able to ratify a 'consent' given as a minor.").

3d at 209, or where she "cannot return the benefits obtained," *id.* at 210.

Neither situation exists here. Plaintiff is certainly capable of returning the phone, and doing so does not put her in a better position than she would have been absent the Arbitration Agreement (or the Delegation Clause) because the Agreement expressly provides she could have opted-out of it without "affect[ing] in any way the benefits" she would otherwise be entitled to, including the use of her phone. ECF No. 17-6 at 11 (Arbitration Agreement). In other words, because Plaintiff was entitled to use the device regardless of whether she opted out of the Arbitration Agreement, using the device is not a benefit of that Agreement (or the Delegation Clause in it). Therefore, Plaintiff is not retaining any benefit of the Arbitration Agreement nor will disaffirming put her in a better position than she would have been absent the Agreement. *See Norcia v. Samsung Telcoms. Am., LLC*, 845 F.3d 1279, 1286 (9th Cir. 2017) (holding Samsung could not claim consumer retained any benefit of arbitration agreement because, in light of opt-out clause, he was entitled to any benefit regardless whether he opted out of arbitration agreement).

Plaintiff's right to opt-out of the Arbitration Agreement and keep using the phone renders Samsung's cases distinguishable and unavailing—as does the fact that, unlike in those cases, Plaintiff here is not even a party to the Agreement. *See Solovsky*, 135 F. Supp. 3d at 210 (because there was no way for the minor-plaintiff to participate in contest while opting out of contract she signed assigning all rights in her designs to defendant, allowing disaffirmance after minor participated in contest and defendant spent resources extensively promoting her designs would leave her in a better position by allowing her to retain the benefit of defendant's efforts); *A.V. v. iParadigms*, 544 F. Supp. 2d 473, 478, 480-81 (E.D. Va. 2008) (because there was no way for minor-plaintiffs to submit schoolwork via Turnitin while opting out of term at issue in contracts they signed and Turnitin was sole way for students to receive a grade, allowing disaffirmance after

minors used Turnitin to receive a grade and maintain good standing in classes would leave minors in a better position by allowing them to retain those benefits which could not be returned); *E.K.D. v. Facebook, Inc.*, 885 F. Supp. 2d 894, 899-900 (S.D. Ill. 2012) (no way for minor-plaintiffs to use Facebook while opting out of forum selection clause at issue); *Sheller by Sheller v. Frank's Nursery & Crafts*, 957 F. Supp. 150, 153-54 (N.D. Ill. 1997) (no way for minor-plaintiffs to work for defendant while opting out of arbitration clause at issue).[10]

Equally misplaced is Samsung's reliance on *Doe v. Coll. Bd.*, 440 F. Supp. 3d 349 (S.D.N.Y. 2020) in which the minor *who signed the contract* sued seeking specific performance for breach of the contract but also alleged the arbitration provision in the same contract was unconscionable, *see id.* at 356. Here, Plaintiff's lawsuit is itself an act of disaffirmance, *see Iverson*, 483 N.E.2d at 899, *Villalobos v. Cicero Sch. Dist. 99*, 841 N.E.2d 87, 96 (Ill. App. Ct. 2005), and she does not seek relief under the Arbitration Agreement. Thus, *Doe* is inapposite.

In any event, even if the Court views Plaintiff's use of the phone as a benefit of the Arbitration Agreement, Plaintiff is still free to disaffirm because that is a benefit she can return. Either way, she has disaffirmed the Arbitration Agreement and the Delegation Clause rendering them unenforceable, and Samsung's motion to compel arbitration must be denied.

---

[10] *Sheller* is also unpersuasive because it did not apply Illinois law and misunderstood the infancy law doctrine. Indeed, the court reasoned the doctrine did not apply because "whether the Plaintiffs were minors was irrelevant" to them signing the agreement since "Defendant required all of its employees, including adults, to sign." 957 F. Supp. at 153. Of course, that is the case with virtually every agreement a minor might sign. Not surprisingly, numerous courts have criticized and rejected *Sheller*, and its reasoning on that point has never been followed by any Illinois court. *See Snow v. Waffle House*, 2006 U.S. Dist. LEXIS 111565, at *9 (S.D. Ala. Dec. 4, 2006) ("[T]he *Sheller* court's reasoning is faulty. One basis for the court's decision was that both minors and adults were required to sign the same contract. If this were a legitimate exception to the infancy doctrine, there would be no infancy doctrine."); *Stroupes v. Finish Line, Inc.*, 2005 U.S. Dist. LEXIS 6975, at *10-11 (E.D. Tenn. Mar. 15, 2005) ("If *Sheller's* reasoning in this regard were extended, it would eviscerate the infancy doctrine altogether. For example, under *Sheller*, . . . any contract for the purchase of an automobile signed by minors and adults alike is not voidable by minors, because adults are bound by the same agreement. If such were true, the infancy doctrine, permitting minors to disaffirm their contracts, would cease to exist.").

## IV. The Delegation Clause is Unenforceable as Plaintiff is a Minor and Disaffirmed.

While Samsung contends any issues of enforceability must be left to the arbitrator, *Mot.* at 8-9, it is settled that a "delegation provision is simply an additional, antecedent agreement . . . [which] is valid . . . 'save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Rent-A-Center*, 561 U.S. at 70. Where there is a delegation provision, the court "must decide whether [plaintiff] lodged a challenge against the delegation provision," and "if [it] conclude[s] that [plaintiff] specifically challenged the enforceability of the delegation provision, then [the court] must decide whether the delegation provision is unenforceable." *Gibbs v. Sequoia Capital Operations, LLC*, 966 F.3d 286, 291-92 (4th Cir. 2020).[11]

"A party contesting the enforceability of a delegation clause must 'challenge[] the delegation provision specifically.'" *MacDonald v. CashCall, Inc.*, 883 F.3d 220, 226 (3d Cir. 2018) (quoting *Rent-A-Center*, 561 U.S. at 72). Likewise, absent an enforceable delegation provision, "[i]f a party challenges the validity . . . of the precise agreement to arbitrate at issue, the federal court must consider the challenge before ordering compliance with that agreement." *Rent-A-Center*, 561 U.S. at 71.

"*Rent-A-Center* contemplates that a delegation provision may be unenforceable for the same reason as the broader arbitration agreement." *Brice v. Plain Green, LLC*, 13 F.4th 823, 827 (9th Cir. 2021).[12] "Like other contracts, . . . they may be invalidated by 'generally applicable

[11] *Accord Swiger v. Rosette*, 989 F.3d 501, 505 (6th Cir. 2021) ("a specific challenge to a delegation clause brings arbitrability issues back within the court's province"); *K.F.C. v. Snap, Inc.*, 2021 U.S. Dist. LEXIS 108695, at *5 (S.D. Ill. June 10, 2021) (deciding plaintiff's "challenges [to] the sufficiency of the delegation provision in the arbitration agreement, specifically"); *see also Chopper Trading LLC v. Allston Trading LLC*, 2021 U.S. Dist. LEXIS 157815, at *21 (N.D. Ill. Aug. 20, 2021) (referring claims to arbitration based on delegation clause where Chopper did not specifically challenge delegation clause as unenforceable).

[12] *Accord Swiger*, 989 F.3d at 506 (party may attack delegation clause using same arguments raised as to arbitration agreement); *MacDonald*, 883 F.3d at 226-27 (same); *Gibbs*, 966 F.3d at 291 (same).

contract defenses . . . .'" *Rent-A-Center*, 561 U.S. at 68. As detailed *supra* § III, the Delegation Clause and Arbitration Agreement are both unenforceable for the same reason—Plaintiff is a minor and hereby disaffirms any contract she may have with Samsung.

Therefore, even were the Court to find Plaintiff is bound to the Delegation Clause or Arbitration Agreement under any of the theories above (it should not), the Motion would still fail because the Delegation Clause and Arbitration Agreement are unenforceable against Plaintiff as she has disaffirmed them both.

## **CONCLUSION**

For all of the foregoing reasons, Samsung's motion to compel arbitration (ECF No. 17) should be denied.

Dated: December 16, 2021

Respectfully submitted,

G.T., BY AND THROUGH NEXT FRIEND LILIANA T. HANLON, individually and on behalf of all others similarly situated, Plaintiff

By: /s/ Theodore H. Kuyper

Keith J. Keogh
Theodore H. Kuyper
Gregg M. Barbakoff
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tkuyper@keoghlaw.com
gbarbakoff@keoghlaw.com

***Attorneys for Plaintiff and the Putative Class***

**CERTIFICATE OF SERVICE**

I hereby certify that, on December 16, 2021, I caused a copy of the foregoing ***Response in Opposition to Defendant's Motion to Compel Arbitration*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

/s/ Theodore H. Kuyper