IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G.T., by and through next friend Liliana T. Hanlon, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

SAMSUNG ELECTRONICS AMERICA, INC.

Defendant.

Civil Action No: 1:21-cv-04976

Hon. Martha M. Pacold

**DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant Samsung Electronics America, Inc. submits this notice of supplemental authority to present this Court with a March 24, 2022 decision by the Seventh Circuit that is directly applicable to an argument Samsung made in its pending motion to compel arbitration in this case. The Seventh Circuit held that, under Illinois law, whether a minor can use her minority status to escape a binding arbitration clause on a contract is a matter for the arbitrator and not the court—just as Samsung argued in its pending motion. *Compare K.F.C. v. Snap Inc.*, --- F.4th ---, Case No. 21-2247, 2022 WL 871996, at *1 (7th Cir. Mar. 24, 2022) ("Illinois treats the age of the contracting parties as a potential defense to enforcement," which "means in turn that the potential defense goes to the arbitrator") (attached as Exhibit 1), *with* ECF No. 28 at 4 ("enforceability against Plaintiff as a minor is . . . a question for the arbitrator."). The court further explained that "a challenge to the validity (as opposed to the existence) of a contract always goes to the arbitrator, no matter how states characterize their views about enforceability. [Plaintiff]'s arguments about her youth and public policy concern the contract's validity, not its

existence." *K.F.C.*, 2022 WL 871996 at *2. The court accordingly affirmed dismissal of the complaint in *Snap*, just as Samsung argues for dismissal here.

Dated: March 28, 2022

By: /s/ Mark H. Boyle
Mark H. Boyle

ATTORNEY FOR DEFENDANT
SAMSUNG ELECTRONICS AMERICA, INC.

DONOHUE BROWN MATHEWSON & SMYTH LLC
Mark H. Boyle
140 South Dearborn Street, Suite 800
Chicago, IL 60603
(312) 422-0900

O'MELVENY & MYERS LLP
Randall W. Edwards (*pro hac vice*)
Matthew D. Powers (*pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
(415) 984-8700

Attorneys for Samsung Electronics America, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 28th day of March, 2022, he caused the foregoing DEFENDANT SAMSUNG ELECTRONICS AMERICA, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY to be filed with the Clerk of the District Court via the CM/ECF system, which will send notification of such filing to the following:

/s/ Mark H. Boyle________________

DONOHUE BROWN
MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL 60603
(312) 422-0900

Case: 1:21-cv-04976 Document #: 29 Filed: 03/28/22 Page 4 of 7 PageID #:309

2022 WL 871996
Only the Westlaw citation is currently available.
United States Court of Appeals, Seventh Circuit.

K.F.C., a minor, by her guardian Erin Clark, Plaintiff-Appellant,
v.
SNAP INC., Defendant-Appellee.

No. 21-2247
|
Argued January 7, 2022
|
Decided March 24, 2022

**Synopsis**

**Background:** User of photo-messaging service brought action against service operator, alleging that some of service's features amounted to facial recognition and was in violation of Illinois Biometric Privacy Act. The United States District Court for the Southern District of Illinois, No. 3:21-cv-9-DWD, David W. Dugan, J., dismissed action. User appealed.

**[Holding:]** The Court of Appeals, Easterbrook, Circuit Judge, held that impact of fact that user was a minor when she agreed to arbitration clause on whether parties had valid arbitration agreement was potential defense to enforcement that was for arbitrator, rather than a potential obstacle to contract formation that would be for court.

Affirmed.

West Headnotes (10)

**[1] Alternative Dispute Resolution**

Even the most sweeping delegation to arbitrator cannot send the issue of contract formation to the arbitrator, because, until the court rules that a contract exists, there is simply no agreement to arbitrate.

**[2] Alternative Dispute Resolution**

An arbitration clause may delegate all issues other than contract formation, including defenses, to the arbitrator.

**[3] Alternative Dispute Resolution**

Impact of fact that user of photo-messaging service was a minor, at time she agreed to arbitration clause of contract with service, on whether user and service had valid arbitration agreement under Illinois law was a potential defense to enforcement that was for arbitrator to consider, rather than a potential obstacle to contract formation that would be for court, since Illinois law treated agreements entered into by children as voidable rather than void. 740 Ill. Comp. Stat. Ann. 14/1.

**[4] States**

State law governs power to form contract.

**[5] Contracts**

Under Illinois law, agreements between adults and children are not void but rather voidable, which means that children may elect how to proceed once they come of age.

**[6] Contracts**

Under Illinois law, a voidable agreement, unlike a void one, may be ratified.

**[7] Federal Courts**

User of photo-messaging service forfeited argument that no enforceable arbitration contract existed between user and service operator due to fact that user was 11 years old at time she purportedly accepted terms and conditions of service, while terms stated that only people 13 years old and up could have accounts with service, in user's action against service alleging violation of Illinois Biometric Privacy Act,

 © 2022 Thomson Reuters. No claim to original U.S. Government Works. 

where user mentioned the argument only in passing to district court and did not develop it. 740 Ill. Comp. Stat. Ann. 14/1.

**[8]** **Alternative Dispute Resolution**

Issue of whether it would be against public policy of Illinois to enforce purported arbitration agreement between a minor and the operator of a photo-messaging service was a defense to enforcement of agreement which thus was properly considered by arbitrator rather than court, in minor user's action against operator alleging violation of Illinois Biometric Privacy Act, in which operator asserted that minor's acceptance of service's terms and conditions created arbitration agreement between parties. 740 Ill. Comp. Stat. Ann. 14/1.

**[9]** **Alternative Dispute Resolution**

A challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator.

**[10]** **Alternative Dispute Resolution**

Federal rather than state law determines who, that is, the judge or arbitrator, plays which role in resolving a dispute.

Appeal from the United States District Court for the Southern District of Illinois. No. 3:21-cv-9-DWD — **David W. Dugan**, *Judge.*

**Attorneys and Law Firms**

Matthew E. Lee, Mark Russell Sigmon, Attorneys, Milberg Coleman Bryson Phillips Grossman, PLLC, Raleigh, NC, for Plaintiff-Appellant.

Elizabeth Brooke Herrington, Attorney, Morgan, Lewis & Bockius LLP, Chicago, IL, James D. Nelson, Attorney, Morgan, Lewis & Bockius LLP, Washington, DC, for Defendant-Appellee.

Before Easterbrook, St. Eve, and Kirsch, Circuit Judges.

**Opinion**

Easterbrook, Circuit Judge.

***1** When she was 11 years old, K.F.C. signed up for a Snapchat account. The enrollment terms specify that a person must be at least 13 to have an account, but K.F.C. lied about her age. A few years later, she filed this suit under the diversity jurisdiction. (She is a citizen of Illinois, while Snap, which operates the Snapchat service, is incorporated in Delaware and has its principal place of business in California.) Contending that some of Snapchat's features amount to facial recognition, which Illinois treats as a kind of biometric data, K.F.C. argues that the service violates the Illinois Biometric Privacy Act, 740 ILCS §§ 14/1 to 14/99, because it did not obtain her consent and does not follow the statute's purpose, disclosure, and retention rules.

In order to open a Snapchat account, a person must agree to Snap's terms and conditions. One of these is arbitration of disputes. K.F.C. acknowledges that she accepted these terms but denies that the arbitration clause (or any other part of the agreement) binds her. She concedes that she continued using Snapchat after turning 13 but maintains that this is irrelevant, because she was (and still is) under 18. The district court was not persuaded, ordered the parties to arbitrate, and dismissed the suit. 2021 WL 2376359, 2021 U.S. Dist. Lexis 108695 (S.D. Ill. June 10, 2021). The judge held that the arbitrator, not a court, must decide whether K.F.C.'s youth is a defense to the contract's enforcement. Because the judge dismissed the suit outright, 9 U.S.C. § 16(a)(3) allows her to appeal, see *Green Tree Financial Corp. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), and she did so.

**[1]** **[2]** **[3]** K.F.C.'s argument starts with the proposition that, because arbitration is a matter of contract, judges must decide that a contract has been formed before they may order arbitration. So the Supreme Court held in *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). Even the most sweeping delegation cannot send the contract-formation issue to the arbitrator, because, until the court rules that a contract exists, there is simply no agreement to arbitrate. Any potentially contrary language in *Janiga v. Questar Capital Corp.*, 615 F.3d 735, 738, 741–43 (7th Cir. 2010), must be understood in the light of *AT&T Technologies*, which emphasizes that the arbitrator cannot resolve any issues until the court has

 © 2022 Thomson Reuters. No claim to original U.S. Government Works. 

ascertained that there is an actual agreement; the breadth of a delegation is irrelevant if the parties did not enter into a contract. But, if there is a contract, then an arbitration clause may delegate all other issues, including defenses, to the arbitrator, see *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010)—and Snapchat's terms include a broad delegation clause.

To the major premise from *AT&T Technologies*, K.F.C. adds the minor premise that a child cannot form a contract. This produces the conclusion that Snap does not hold any right to arbitrate with her, which means that the suit must proceed in court.

**[4]** **[5]** **[6]** The problem with this syllogism lies in the minor premise. State law governs the power to form a contract. The parties agree that either California or Illinois supplies that law—and they also agree that the two bodies of law are materially identical, so we mention only Illinois law from here on. Illinois does not think that agreements between adults and children are void—that they must be ignored, no matter what. Illinois treats such agreements as voidable, which means that children may elect how to proceed once they come of age. See, e.g., *Fletcher v. Marshall*, 260 Ill. App. 3d 673, 198 Ill.Dec. 494, 632 N.E.2d 1105 (2d Dist. 1994). The difference may be subtle, but it is important. A voidable agreement, unlike a void one, may be ratified. In other words, a child may choose to accept the agreement and claim its benefits, while also being bound by any detriments. Because a voidable agreement may or may not end up being applied, Illinois treats the age of the contracting parties as a potential defense to enforcement. See, e.g., *National Bank of Dixon v. Neal*, 5 Ill. 2d 328, 125 N.E.2d 463 (1955). That allows children to claim the benefits of their agreements. It means in turn that the potential defense goes to the arbitrator—that *Rent-A-Center* rather than *AT&T Technologies* supplies the controlling rule.

***2** None of the Illinois decisions that treats a child's contract as voidable concerns arbitration. Other states seem equally silent. But we have found one (and only one) federal appellate decision on the subject. *I.C. v. StockX, LLC*, 19 F.4th 873 (6th Cir. 2021), is all but identical to our case. A minor agreed to terms that included arbitration, then filed a federal suit and argued that, by virtue of his youth, the case must stay in court. The majority of the Sixth Circuit held that the claim must be arbitrated, because youth is a defense rather than an impediment to contractual formation under Michigan law (which appears to be identical in this respect to Illinois law). The dissenting judge argued that a child cannot form a contract at all, so a purported agreement is void. At oral argument Snap asked us to follow the majority in *StockX*, while K.F.C. predictably favored the dissent. We think that the majority has the better of the argument. As long as state law permits a child to ratify a contract, youth must be a defense rather than an obstacle to a contract's formation, and as a defense it goes to the arbitrator.

**[7]** K.F.C. advances several other arguments in opposition to arbitration, but they boil down to a contention that at age 11 she was too young to form a contract. For example, she contends that there can't be a contract because Snap can't show offer and acceptance; it can't show offer, the argument goes, because she was 11 and the terms stated that only people 13 and up may have accounts. Yet this variant on the "too young" argument was not presented to the district court—at least, not presented except in passing, and certainly not developed. Under the circumstances it has been forfeited.

**[8]** **[9]** K.F.C. also contends that it would be against the public policy of Illinois to enforce any part of any agreement between a child and a commercial Internet service. That kind of argument, however, lays out a defense to enforcement of the agreement, and *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), holds that arguments about the validity of a whole agreement go to the arbitrator. "[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Id.* at 449, 126 S.Ct. 1204.

**[10]** *Buckeye* relied on *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), for the conclusion that a state cannot reallocate functions between court and arbitrator by calling an agreement void. 546 U.S. at 446, 126 S.Ct. 1204. The dissenting judge in *StockX* concluded that this must make the distinction between void and voidable contracts irrelevant for all purposes. Like the majority in *StockX*, we do not read *Buckeye* that way. After all, the Federal Arbitration Act itself says that arbitration is enforceable to the extent any promise is enforceable as a matter of state law. 9 U.S.C. § 2. The Court's point was that federal rather than state law determines who (judge or arbitrator) plays which role in resolving a dispute. The holding of *Buckeye* is that a challenge to the validity (as opposed to the existence) of a contract always goes to the arbitrator, no matter how states characterize their views about enforceability. K.F.C.'s arguments about her youth and public policy concern the contract's validity, not its existence.

 © 2022 Thomson Reuters. No claim to original U.S. Government Works. 

Snap contends that K.F.C. has ratified the agreement by continuing to use the Snapchat service, that its service does not come within the scope of the Biometric Privacy Act, and that for other reasons it is not liable. K.F.C. contends that her age, and public policy, are defenses to enforcement. All of these matters are for the arbitrator.

Affirmed

**All Citations**

--- F.4th ----, 2022 WL 871996

End of Document

© 2022 Thomson Reuters. No claim to original U.S. Government Works.