IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G.T., by and through next friend LILIANA T. HANLON, individually and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) v. ) ) SAMSUNG ELECTRONICS AMERICA, ) INC., ) ) Defendant. ) | Case No. 1:21-cv-04976 Hon. Martha M. Pacold |

**PLAINTIFF'S RESPONSE TO**
**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff respectfully submits this response to the Notice of Supplemental Authority (ECF No. 29) Samsung filed regarding *K.F.C. v. Snap Inc.*, No. 21-2247, __ F. 4th __, 2022 U.S. App. LEXIS 7766 (7th Cir. Mar. 24, 2022), attached as **Exhibit 1**. According to Samsung, *Snap* supports its argument that an arbitrator rather than the Court must decide whether Plaintiff, as a minor, is bound by the arbitration provision here. ECF No. 29 at 1. Samsung is mistaken.

*Snap* merely reiterates the settled rule that *if* an arbitration agreement contains an enforceable delegation clause, challenges to the validity of the arbitration agreement must be decided by the arbitrator, whereas challenges to the existence of the contract containing the delegation clause must always be resolved by a court. *See Snap*, 2022 U.S. App. LEXIS 7766 at *2-3 ("Even the most sweeping delegation cannot send the contract-formation issue to the arbitrator, because, until the court rules that a contract exists, there is simply no agreement to arbitrate.").

*Snap* does not—and cannot—displace *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63 (2010), in which the Supreme Court held a delegation clause is simply an "antecedent agreement" that can be invalid for the same reason as the rest of the agreement, and thus, if a party "challenge[s]

1

the delegation provision specifically," then a court—not an arbitrator—must decide whether the delegation provision is enforceable. *See id.* at 71-72 (explaining "where the alleged fraud that induced the whole contract equally induced the [delegation provision] which was part of that contract," the court "will intervene" if the fraud challenge is "directed specifically to the" delegation provision); ECF No. 26 at 15 (collecting cases in accord).

Here, Plaintiff specifically challenged the delegation provision based on the infancy doctrine. *See* ECF No. 26 § IV. Because, by contrast, the plaintiff in *Snap* did not specifically challenge the delegation provision based on the infancy doctrine, *Snap* has no impact on this Court's obligation to decide whether the infancy doctrine renders the delegation clause (and arbitration agreement) here unenforceable.[1]

In any event, unlike the *Snap* plaintiff who admittedly entered into the contract containing the delegation clause, 2022 U.S. App. LEXIS 7766 at *2, Plaintiff here has already demonstrated she is not a party to any contract with Samsung, *see* ECF No. 26-1 ¶¶ 3-7. As *Snap* acknowledges, "arbitration is a matter of contract," and thus "[e]ven the most sweeping" delegation clause is irrelevant where, as here, the plaintiff is not a party to the contract containing it. *See Snap*, 2022 U.S. App. LEXIS 7766 at *3 (explaining Supreme Court precedent "emphasizes that the arbitrator cannot resolve any issues until the court has ascertained that there is an actual agreement").

Therefore, *Snap* in no way supports Samsung's position.

---

[1] Instead of specifically challenging the delegation clause based on the infancy doctrine, the plaintiff in *Snap* only argued "the *entire arbitration agreement* is unenforceable because she entered into it as a minor," *K.F.C. v. Snap, Inc.*, 2021 U.S. Dist. LEXIS 108695, at *7 (S.D. Ill. June 10, 2021) (emphasis added). As such, the infancy argument was not "directed specifically" to the delegation clause as required by *Rent-A-Center*, which is why the Seventh Circuit's opinion does not even mention the delegation clause.

128352

Dated: April 8, 2022

    Respectfully submitted,

    G.T., BY AND THROUGH NEXT FRIEND LILIANA T. HANLON, individually and on behalf of all others similarly situated, Plaintiff

    By:  /s/ Theodore H. Kuyper

    Keith J. Keogh
    Theodore H. Kuyper
    Gregg M. Barbakoff
    KEOGH LAW, LTD.
    55 W. Monroe Street, Suite 3390
    Chicago, Illinois 60603
    (312) 726-1092
    keith@keoghlaw.com
    tkuyper@keoghlaw.com
    gbarbakoff@keoghlaw.com

    ***Attorneys for Plaintiff and the Putative Class***

128352

**CERTIFICATE OF SERVICE**

      I hereby certify that, on April 8, 2022, I caused a copy of the foregoing *Plaintiff's Response to Defendant's Notice of Supplemental Authority* to be served upon all counsel of record via electronic filing using the CM/ECF system.

      /s/ Theodore H. Kuyper

128352