# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| G.T., by and through next friend LILIANA T. HANLON, individually and on behalf of all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 1:21-cv-04976 |
| v. | ) ) Hon. Nancy L. Maldonado |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) ) ) |
| Defendant. | ) |

## JOINT INITIAL STATUS REPORT FOR REASSIGNED CASES

## I. NATURE OF THE CASE

### A. Identify the attorneys of record for each party.

For Plaintiff
Keith J. Keogh (Lead Trial Attorney)
Theodore H. Kuyper
Gregg M. Barbakoff
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
keith@keoghlaw.com
tkuyper@keoghlaw.com
gbarbakoff@keoghlaw.com

For Defendant Samsung Electronics America, Inc. ("Samsung")

| | | |
|---|---|---|
| Randall W. Edwards (Lead Trial Attorney) Matthew D. Powers O'MELVENY & MYERS LLP 2 The Embarcadero Center, 28th Floor San Francisco, California 94111 (415) 984-8700 redwards@omm.com mpowers@omm.com | Ashley M. Pavel O'MELVENY & MYERS LLP 610 Newport Center Dr., 17th Floor Newport Beach, California 92660 (949) 823-6900 apavel@omm.com | Mark H. Boyle Donohue Brown Mathewson & Smyth, LLC 131 S. Dearborn Street, Suite 1600 Chicago, Illinois 60603 (312) 422-0900 boyle@dbmslaw.com |

### B. State the basis for federal jurisdiction. If based on diversity, state the domicile of all parties. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669 (7th Cir. 2012). If any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner/member of each such entity. *See Belleville Catering Co. v. Champaign Market Place LLC*, 350 F.3d 691 (7th Cir. 2003); *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1998); *Carden v. Arkoma Assoc.*, 494 U.S. 185 (7th Cir. 1990).

Samsung removed this action from Cook County, Illinois on September 20, 2021 pursuant to the Class Action Fairness Act of 2005 ("CAFA"). This Court has federal diversity jurisdiction over any class action in which (1) the proposed class has at least 100 members, (2) the amount in controversy exceeds the sum or value of $5,000,000 exclusive of costs and fees, and (3) any member of the proposed class is a citizen of a different state than any defendant. 28 U.S.C. §1332(d)(2)(A); *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). Samsung is incorporated in New York and headquartered in New Jersey and Plaintiff and the putative class consist of Illinois residents.

### C. Briefly describe the nature of the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.

1

There are no counterclaims or third-party claims. Plaintiff has alleged in this putative class action violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 et seq., stemming from the facial recognition feature of Samsung's Gallery software application ("Gallery App"), which comes pre-installed on Samsung devices. Specifically, Plaintiff alleges Samsung collected, captured or otherwise obtained, stored, and possessed her and the class members' biometric identifiers (i.e. scans of face geometry) and biometric information via its Gallery App without complying with BIPA. Plaintiff alleges Samsung violated two subsections of BIPA: (1) Samsung did not make the necessary written disclosures and obtain informed signed written consent before collecting, capturing, or otherwise obtaining scans of Plaintiff's and the class members' face geometry and their biometric information, as required by 740 ILCS 14/15(b); and (2) Samsung did not develop and comply with a written, publicly-available retention schedule and guidelines for permanently destroying the scans of Plaintiff's and the class members' face geometry and their biometric information, as required by 740 ILCS 14/15(a). Plaintiff disputes Samsung's assertions relating to its motion to dismiss and notes that several courts have already rejected the substantially same arguments including this District.

Samsung asserts it did not violate BIPA, which applies only where a party is "in possession of" or "collect[s], capture[s], purchase[s], receive[s] through trade, or otherwise obtain[s]" a person's biometric information or biometric identifiers. As stated in Samsung's pending motion to dismiss (Dkt. 37), Plaintiff has not and cannot plausibly allege, and she cannot later establish, that Samsung possesses, collects, captures, purchases, receives, or otherwise obtains the data at issue in the complaint, let alone any data that could be considered biometric information or biometric identifiers. Plaintiff cannot cure this deficiency by amending the complaint because Samsung's Gallery App does not recognize faces as belonging to an identified person, nor does it generate or use any BIPA-regulated data (i.e., biometric identifiers or biometric information), nor does Samsung collect, store, possess or otherwise have access to any of the data at issue. Courts in this District have dismissed BIPA claims under similar circumstances, and those that allowed claims to proceed did so under different alleged facts.

**D. Describe the relief sought by the plaintiff(s) and provide an estimate of damages, if any.**

Plaintiff, on behalf of herself and a proposed class of similarly-situated individuals, seeks $5,000 for each reckless or willful violation of BIPA, or $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20. Plaintiff also seeks declaratory relief, injunctive relief to ensure Defendant's compliance with BIPA, and reasonable attorneys' fees and costs pursuant to 740 ILCS 14/20. Samsung denies that Plaintiff is entitled to any relief.

**E. List the names of any parties who have not yet been served.**

None.

## II. DISCOVERY AND PENDING MOTIONS

**A. Briefly describe all pending motions, including the date the motion was filed and the briefing schedule, if any.**

Samsung filed a motion to dismiss (Dkt. 37) on October 21, 2022. The opposition is

due December 2, 2022 and the reply is due December 16, 2022.

Plaintiff currently intends to file a motion to consolidate this matter with a recently filed case and intends to simultaneously seek leave to file a consolidated amended complaint, which will also seek to add several additional plaintiffs.

**B.   What is the current discovery schedule?**

There is no schedule set.

**C.   Briefly describe all fact and expert discovery that the parties have conducted, including any electronic discovery. Describe any discovery that the parties still need to complete, and indicate whether the parties anticipate completing discovery by the current deadline.**

Samsung moved to compel arbitration or, in the alternative, stay this action pending arbitration. (ECF 17). The Court never ruled on the motion, which Samsung later withdrew on September 23, 2022 (ECF 32). Plaintiff first served written discovery on November 4, 2020.

Samsung asserts that its motion to dismiss could resolve this dispute in its entirety. Therefore, in order to conserve the resources of the parties and reduce the burden and expense on the parties and the Court, discovery should be stayed pending resolution of the motion to dismiss. *E.g.*, *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) ("Given the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss."); *Bilal v. Wolf*, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (holding that stays of discovery are "not disfavored and are often appropriate where the motion to dismiss can resolve the case"); *Switchboard Apparatus, Inc. v. Wolfram*, No. 1:21-CV-01665, Dkt No. 91 (N.D. Ill. Mar. 29, 2022) (Weisman, M.J.); *Mays v. Ostafin*, No. 1:15-CV-01439, Dkt No. 211 (N.D. Ill. Mar. 1, 2022) (Weisman, M.J.). Samsung disputes Plaintiff's contention that this action has been stayed before. Plaintiff's assertion below that Samsung exchanged discovery with potential mass arbitration claimants is also false. Samsung voluntarily provided a single sworn declaration from an engineer that the software at issue does not operate as the mass arbitration claimants or Plaintiffs here allege in an effort to reach an efficient, voluntary resolution of meritless claims. Samsung is not "picking and choosing" anything: Samsung also provided this declaration to Plaintiff. Samsung will submit a formal motion on this issue, if useful to and permitted by the Court.

Plaintiff denies an additional stay of this matter is warranted. The case was filed in August 2021 and had been stayed as a result of Samsung's motion to compel arbitration pursuant to the Federal Arbitration Act. The fact that Samsung has decided to switch strategies and now move to dismiss the case should not allow it to dictate the litigation or stay this matter again especially as Samsung contends below that if the motion to dismiss is denied it will move for summary judgment where it will again seek to stay discovery. In addition, while this case was previously stayed, Samsung exchanged discovery with potential mass arbitration plaintiffs and attended a mediation in this district even though the arbitrations were not even filed at the time. In fact, those arbitration plaintiffs have recently filed suit in this district to force Samsung to pay the arbitration fees for those almost 50,000 claims after mediation broke down. Staying this case to allow Samsung to pick and choose who it wants to provide discovery to or mediate with is not equitable.

"[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *E.g.*, *Tamburo v. Dworkin*, 2010 U.S. Dist. LEXIS 121510, at *4 and 6 (N.D. Ill. Nov. 17, 2010)(default rule is that "a pending motion to dismiss does not warrant a stay of discovery."); *New Eng. Carpenters Health & Welfare Fund v. Abbott Labs.*, 2013 U.S. Dist. LEXIS 35644, at *4 (N.D. Ill. Feb. 20, 2013)(same). There is also a danger of witnesses' memories fading or class records being destroyed especially as this case was already stayed. *See LaGuardia v. Designer Brands, Inc.*, 2020 U.S. Dist. LEXIS 199262, at *32 (S.D. Ohio Oct. 27, 2020) (refusing to stay, reasoning "[t]he passage of time could result in the loss of evidence via . . . potential destruction of relevant phone records"); *Sutor v. Amerigroup Corp.*, 2020 U.S. Dist. LEXIS 80235, at *4 (E.D. Va. Mar. 10, 2020) (denying motion because staying TCPA class action "for several months" created "significant risk . . . plaintiff will be prejudiced," even where "defendant has apparently implemented a litigation hold").

    **D.   Briefly summarize all substantive rulings issued in the case. (For each ruling, include the date and the docket number.)**

None.

    **E.   Briefly describe any anticipated motions, including whether any party intends to move for summary judgment.**

Plaintiff will move for class certification after sufficient class discovery and objects to any stay of class discovery especially as Samsung's assertions relating to its motion to dismiss and intended summary judgment motion illustrate certification is appropriate because whether Samsung is violating BIPA is a common legal issue that is the same for the class.

To the extent this Court does not dismiss the complaint, Samsung intends to move for summary judgment on grounds that BIPA is inapplicable because Samsung's Gallery App does not generate or use any BIPA-regulated data (i.e., biometric identifiers or biometric information), nor does Samsung collect, store, possess or otherwise have access to any of the data at issue. Where, as here, "there is sufficient doubt regarding the likelihood of success on the merits of a plaintiff's claims," courts in this District recognize that ruling on summary judgment motions prior to class certification is "in the interest of judicial economy." *Hakim v. Accenture U.S. Pension Plan*, 735 F. Supp. 2d 939, 956 (N.D. Ill. 2010) (internal citations omitted), <u>on reconsideration in part,</u> 818 F. Supp. 2d 1075 (N.D. Ill. 2011), <u>aff'd,</u> 718 F.3d 675 (7th Cir. 2013), *and* <u>aff'd,</u> 718 F.3d 675 (7th Cir. 2013).

**III.    <u>TRIAL</u>**

    **A.   Have any of the parties demanded a jury trial?**

Yes.

    **B.   What is the trial date (if any)? If there is no trial date, when will the parties be ready for trial?**

Unknown at this time.

    **C.   Have the parties filed a final pretrial order? If so, when? If not, when is the**

  **deadline for the filing?**

The parties have not filed a pretrial order and no deadline has been set.

 **D. Estimate the number trials days.**

5-7 days.

**IV. SETTLEMENT, REFERRALS, AND CONSENT**

 **A. Have any settlement discussions taken place? If so, what is the status?**

No settlement discussions have taken place to date.

 **B. Has this case been referred to the Magistrate Judge for discovery supervision and/or a settlement conference?**

No.

 **C. Do the parties request a settlement conference at this time before this Court or the Magistrate Judge?**

No.

 **D. Have counsel informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes, including trial and entry of final judgment? Do all parties unanimously consent to that procedure?**

 Counsels have discussed proceeding before the Magistrate and the parties do not consent to that procedure.

**V. OTHER**

 **A. Is there anything else that the plaintiff(s) wants the Court to know?**
 **B. Is there anything else that the defendant(s) wants the Court to know?**

 As noted above, Samsung believes that to preserve the resources of the parties and the Court and in the interests of fairness and judicial economy, discovery should be stayed pending resolution of Samsung's dismissal motion. If discovery proceeds, Samsung suggests that it be tiered. The parties should initially focus on targeted merits discovery on whether BIPA is implicated by Samsung's Gallery App (it is not) before engaging in expensive class certification discovery and motion practice.

 Plaintiff objects to any stay of discovery or bifurcation. As noted above, this case has already been stayed for over a year and bifurcation of discovery would be inefficient and a waste of judicial resources due to significant overlap between class certification and merits discovery. *See* Newberg on Class Actions, §7:8 at 25 (2002). Unsurprisingly, the Advisory Committee on the Federal Rules warns that "[a]ctive judicial supervision may be required" to avoid "an artificial and ultimately wasteful decision between 'certification discovery' and 'merits discovery.'" Notes of Advisory Committee on 2003 Amendments to Fed. R. Civ. Pro. 23(c)(1)(A); *see also* Manual For Complex Litigation (Fourth) ("MCL 4th") § 21.15 (2015) (bifurcation of discovery is often "counterproductive").

Dated: November 15, 2022

        Respectfully submitted,

        /s/ Keith J. Keogh
Keith J. Keogh
Theodore H. Kuyper
Gregg M. Barbakoff
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tkuyper@keoghlaw.com
gbarbakoff@keoghlaw.com

***Attorneys for Plaintiff and the Putative Class***

  /s/ *Randall W. Edwards*
Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
2 The Embarcadero Center, 28th Floor
San Francisco, California 94111
(415) 984-8700
redwards@omm.com
mpowers@omm.com

Ashley M. Pavel
O'MELVENY & MYERS LLP
610 Newport Center Dr.,
17th Floor
Newport Beach, California 92660
(949) 823-6900
apavel@omm.com

Mark H. Boyle
Donohue Brown Mathewson & Smyth, LLC
131 S. Dearborn Street, Suite 1600
Chicago, Illinois 60603
(312) 422-0900
boyle@dbmslaw.com
***Attorneys for Defendant Samsung Electronics America, Inc.***

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on November 15, 2022, I caused a copy of the foregoing ***Joint Initial Status Report for Reassigned Cases*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

                                                                */s/ Randall W. Edwards*