**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| G.T., by and through next friend LILIANA T. HANLON, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-04976 |
| v. | ) ) | Hon. Nancy L. Maldonado |
| SAMSUNG ELECTRONICS AMERICA, INC., | ) ) ) | |
| Defendant. | ) | |

**MOTION TO CONSOLIDATE**

Plaintiff respectfully requests the Court to consolidate this Action with *Jones v Samsung Electronics America Inc. et al.*, *G.T. v. Samsung Electronics America, Inc.*, Case No. 1:22-CV-05662-JRB (N.D. Ill.) ("Jones Action") under Rule 42(a) of the Federal Rules of Civil Procedure to allow the Plaintiffs to file a consolidated amended complaint. A copy of the complaint in this matter and the complaint in *Jones* are attached as *Exhibits 1* and *2*.

Ms. Jones has consented to this motion and Plaintiff is waiting to hear back from and Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively "Samsung") if they will consent.

I. INTRODUCTION

This Action and the Jones Action (collectively "the Actions") contain allegations arising out of a common set of facts—Samsung's collection of biometric information through the Gallery application ("Gallery App") pre-installed on Samsung Galaxy devices, in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq*. Plaintiffs in the Actions allege Samsung automatically scans and analyzes images or videos captured by the user in the

Gallery App and uses an algorithm to analyze and extract distinct facial features to create a unique digital representation of each face (*e.g.*, a face template). The Actions assert substantively identical claims under BIPA against Samsung and are brought on behalf of the same and/or overlapping proposed classes.

As the Actions each allege claims against Samsung, arise from the same set of facts, and will rely on the same legal theories to establish Samsung's liability, Plaintiffs respectfully requests the Court exercise its broad discretionary authority under Rule 42 to consolidate the Actions. Consolidation is necessary to ensure the most efficient and uniform resolution of the Actions, including avoiding unnecessary and duplicative discovery and potentially inconsistent judgments, while at the same time preserving judicial resources.

Although this action was filed over a year ago, no scheduling order has been set as Samsung moved to compel arbitration. (ECF 17). The Court never ruled on the motion, which Samsung later withdrew on September 23, 2022 (ECF 32). Thus there is no delay or prejudice to any case schedule by consolidating the Actions.

## II. ARGUMENT

Where, as here, two or more actions "before the court involve a common question of law or fact," Rule 42(a) permits the Court to: "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *See* Fed. R. Civ. P. 42(a).

### A. Consolidation of the Action is Proper

A district court has "broad discretion in determining whether to consolidate cases." *Unified Messaging Solutions, LLC v. United Online, Inc.*, No. 13 C 00343, 2013 WL 1874211, at *4 (N.D. Ill. May 3, 2013); *Palomares v. Second Fed. Sav. & Loan Ass'n of Chicago*, No. 10-cv-6124, 2010

WL 4672295, at *2 (N.D. Ill. Nov. 9, 2010) ("The rule is designed to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."). Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See* Manual for Complex Litigation, Fourth, § 11.631 (2004) ("MCL"). In deciding whether to consolidate cases "a court should consider whether the proposed consolidation would promote convenience and judicial economy, and whether it would cause prejudice to any party." *Portis v. McKinney*, No. 21-cv-2842, 2021 WL 4125107, at *3 (N.D. Ill. Sept. 9, 2021) (internal quotations and citations omitted).

Here, the Actions undoubtedly involve "common question[s] of law and fact." *Sylverne v. Data Search N.Y., Inc.*, No. 08 C 0031, 2008 WL 4686163, at *2 (N.D. Ill. May 28, 2008). Both actions allege claims against Samsung on behalf of the same and/or overlapping classes and involve the same factual and legal issues, *e.g.*, claims arising out of Samsung's collection of biometric information through the Gallery App on Samsung Galaxy devices. Consolidation will simplify the proceedings, avoid wasting resources litigating duplicative pretrial and discovery issues, and promote judicial economy. Consolidation will also reduce the risk of confusion or delay that may result from prosecuting identical or substantially similar class actions separately, including potentially inconsistent judgments and rulings. Moreover, there is no risk of delay, confusion, or prejudice as a result of consolidation, as the actions are at the early stage of the litigations and there have been no substantive rulings. Indeed, there is currently a motion to dismiss pending in this Action, raising duplicative issues as this Action that should be resolved together. Accordingly, consolidation is appropriate under Rule 42.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court enter an Order consolidating the Actions and set a date for Plaintiffs to file a consolidated amended complaint.

Dated: November 21, 2022 /s/Keith J. Keogh
Keith J. Keogh
Theodore H. Kuyper
Gregg M. Barbakoff
**KEOGH LAW, LTD.**
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
Telephone: (312) 726-1092
keith@keoghlaw.com
tkuyper@keoghlaw.com
gbarbakoff@keoghlaw.com

*Attorneys for Plaintiff G.T.*