# EXHIBIT 1

1    IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF ILLINOIS
2    EASTERN DIVISION

3

4    TANYA N. SVOBODA,                    )
     Individually and on behalf          )
     of all others similarly            )
5    situated,                           )
                                         )
6              Plaintiff,                )
                                         )
7    -vs-                                )   Case No. 21 C 5336
                                         )
8    AMAZON.COM, INC., and               )
     AMAZON.COM SERVICES, LLC,           )   Chicago, Illinois
9                                        )   April 28, 2022
               Defendants.               )   9:15 a.m.
10

11          TRANSCRIPT OF TELEPHONIC PROCEEDINGS
         BEFORE THE HONORABLE GARY FEINERMAN
12

13   APPEARANCES:

14   For the Plaintiff:      KEOGH LAW, LTD.
                             BY:  MR. THEODORE H. KUYPER
15   (via telephone          55 West Monroe Street
     conference call)        Suite 3300
16                           Chicago, Illinois  60603
                             (312) 726-1092
17

18   For the Defendants:     MORGAN LEWIS & BOCKIUS, LLP
                             BY:  MR. GREGORY T. FOUTS
19   (via telephone          110 North Wacker Drive
     conference call)        Suite 2800
20                           Chicago, Illinois  60606
                             (312) 324-1000
21

22   Court Reporter:

23              CHARLES R. ZANDI, CSR, RPR, FCRR
                   Official Court Reporter
                 United States District Court
24        219 South Dearborn Street, Room 2144-G
                   Chicago, Illinois  60604
25             Telephone:  (312) 435-5387
          email:  Charles_zandi@ilnd.uscourts.gov

1    (Proceedings heard in open court:)

2         THE CLERK:  21 CV 5336, Svoboda versus Amazon.com,
3    Inc.

4         THE COURT:  For the plaintiff?

5         MR. KUYPER:  Good morning, your Honor.  This is
6    Theodore Kuyper on behalf of the plaintiff.

7         THE COURT:  For the defendant?

8         MR. FOUTS:  Good morning, your Honor.  Greg Fouts on
9    behalf of Amazon.

10        THE COURT:  Good morning.  This is a case that, as
11   you all know, was initially on Judge Lee's calendar, and
12   Judge Lee referred discovery supervision to Magistrate
13   Judge Cole.  And then the case was reassigned to my calendar
14   earlier this month.

15        And there's a pending motion to dismiss; and there's
16   already a discovery schedule in place for both fact discovery
17   and expert discovery, and then there's a late May deadline for
18   filing motions to amend the pleadings.

19        So, I wanted to get together and discuss the motion
20   to dismiss.  So, the defendant was last heard in writing, so
21   let me ask the plaintiff, if there's anything in the reply
22   brief that you'd like to orally address or any other points
23   you'd like to make or emphasize, I wanted to give you a chance
24   to do that.

25        MR. KUYPER:  There's nothing specifically in the

1  reply brief that we would like to address, your Honor.  Just

2  generally, as you know, it's a BIPA class action about virtual

3  try-on applications or programs that are on Amazon's website

4  and their smart phone app, and they simulate what consumers

5  would look like wearing makeup and other products such as

6  sunglasses.

7          And the virtual try-on programs require consumers to

8  upload a photo or use a video of themselves.  And plaintiff

9  claims that the programs scan the consumer's facial geometry

10  and create a map or a face template of it, which is how the

11  programs know where on the consumer's face to overlay the

12  digital image of whatever product is being tried on.

13          THE COURT:  Right.  I understand all of that.

14          Anything further you'd like to add?

15          MR. KUYPER:  Not specifically, your Honor.

16          THE COURT:  All right.  Very good.

17          Amazon, anything -- any points that you'd like to

18  make or emphasize?

19          MR. FOUTS:  Thank you, your Honor.  Greg Fouts for

20  Amazon.

21          I think the point that we want to emphasize, your

22  Honor, you know, this is a 12(b)(6) motion that we've

23  essentially said that the allegations of a BIPA violation

24  aren't plausibly pled.

25          I think the way we characterized it in our brief was

1    you have here a photograph, a camera, and a computer, which is

2    sort of Point A, and then you have a BIPA violation, which is

3    sort of Point C; but there's really not, you know, a bridge

4    between those points, I guess a Point B, if I can extend my

5    sort of clunky metaphor.

6         The way that this works as a matter of fact, and I

7    realize we're still on a pleading motion, but there's an

8    allegation that there's been biometric information stored, or

9    collected and stored.  And, you know, the plaintiff says, I

10   think, only in the complaint that there's a database where

11   this is stored.  There's no facts at all around this alleged

12   storage.

13        As a matter fact, this is all done within the user's

14   computer or within the cellphone app, so nothing actually

15   comes to Amazon.

16        So, those are some of the points that we made in our

17   brief, and we want to -- I just wanted to emphasize those this

18   morning.

19             THE COURT:  All right.

20             MR. KUYPER:  Your Honor, if I may respond to that.

21             THE COURT:  Go ahead.

22             MR. KUYPER:  One thing I'd like to emphasize is the

23   distinction here between the claims we allege and the

24   subsection of BIPA that deals with storage.

25             We allege a 15(a) violation, which has to do with

1    possession.  We allege a 15(b) violation, which has to do
2    with the failure to obtain informed consent.  This idea of
3    storage, while it's alleged, it's not a prerequisite to
4    either of the claims.  It's subsection 15(e) that deals
5    with storage.
6            And so this is just a distinction I want to make
7    very clear because even if Amazon doesn't store the data
8    itself, that has no impact on the 15(a) or 15(b) claims.
9            MR. FOUTS:  And if I --
10           THE COURT:  Go ahead.
11           MR. FOUTS:  If I could briefly respond to that, your
12   Honor.
13           THE COURT:  Go ahead.
14           MR. FOUTS:  I apologize.  I think the word "storage"
15   I used, what I really meant was possession or receipt.  So,
16   those are 15(a) and 15(b) words.
17           In any event, the point -- the overall point is the
18   same, which is that Amazon never comes into possession of this
19   data.
20           THE COURT:  Okay.  So I'm going to deny the motion
21   to dismiss, and I -- it's not terribly complicated, so I'm
22   just going to give my reasons on the record.
23           You know, the defendant argues that the complaint
24   doesn't plausibly allege that Amazon possesses or collects
25   biometric information, which is that facial geometry or

1  landmark data.

2  And I get the point, and it's kind of a feature of
3  *Twombly* because *Twombly* says if you're a plaintiff in a
4  complaint, you can't just mimic or repeat the elements of a
5  cause of action.  And that -- you know, that's an easy
6  directive for a judge to apply in a case where, for example,
7  the statute says -- or the common law doctrine says the
8  defendant can't act negligently or recklessly in some way.
9  And let's just say the complaint just says, "The defendant
10  acted negligently," or, "The defendant acted recklessly," and
11  doesn't add anything else.  I think in that situation, there's
12  a good *Twombly* argument that there isn't enough meat on the
13  bones and you're just reciting the elements of the cause of
14  action.

15  But there are other cases, and in my view, this one
16  is among them, where the statute or the common law doctrine --
17  of course, here, we have a statute -- articulates a specific
18  action.  And here, it's the possession or the collection, and
19  if you want, the storage, it doesn't really matter, of
20  biometric information.

21  And so in a case like this where the complaint
22  alleges that the defendant possessed or collected particular
23  information, it's not really a good argument for the defendant
24  to say, "Well, you're just mimicking the elements of the cause
25  of action," because what else -- what else could the plaintiff

1   say at that -- at this juncture, at this early juncture?

2          And, you know, and even if that understates *Twombly*

3   to a certain extent, I think here, given the complaint's

4   description of this technology and what it does and how it

5   operates, it's certainly plausible that when this -- in the

6   process of this technology operating and a user deploying

7   the technology, this virtual try-on technology, that the

8   biometrics would go to Amazon's system and Amazon would

9   possess -- would collect the information, would possess the

10  information and, whether on a short-term or a long-term

11  basis, would store the information, although again, storage --

12  acknowledging that storage is not a necessary component of

13  either the 15(a) or the 15(b) causes of action.

14         So, for those reasons, I think that there is a cause

15  of action pleaded under -- appropriately pleaded under *Twombly*

16  and *Iqbal* for 15(a) and 15(b).

17         There's also the argument that the defendant makes

18  that the 15(a) claim is not ripe because it doesn't allege

19  that -- the complaint doesn't allege that -- either that the

20  initial purpose of obtaining the biometrics has been satisfied

21  or that there's three years since the last interaction with

22  the entity.

23         I think -- as an initial matter, I think that

24  argument misconceives the 15(a) duty.  The 15(a) duty doesn't

25  kick in -- meaning the duty to have a schedule and then comply

1    with it, doesn't kick in only after three years or after the

2    initial purpose expires, whichever is sooner.  I think you

3    have that obligation at the outset.

4          But even putting that to the side and accepting the

5    defendant's legal premise, the initial purpose would plausibly

6    end when a virtual makeup try-on session ends.  And so even on

7    that understanding, the claim is ripe because we do have the

8    end of that -- we have the triggering of the 15(a) obligation

9    when the virtual makeup try-on session ends.

10         And so I'll stop there, but -- in terms of the

11   12(b)(6) analysis, but I want to mention that the defendant's

12   argument is really more of a 56 -- a Rule 56 argument than a

13   12(b)(6) argument.  And I understand the defendant's

14   frustration in that respect because the defendant looks at

15   the complaint and Amazon looks at the complaint and says,

16   "Look, this just isn't the way things work.  We never take

17   possession or control, and we never collect this biometric

18   information.  It stays on the user's device," and so on and

19   so forth.

20         But that's a Rule 56 issue.  And it may even be a

21   Rule 12-minus-1 issue, assuming that the safe harbor

22   requirements have been satisfied.  But it's not a 12(b)(6)

23   issue because a 12(b)(6) just requires the Court to look at

24   the complaint and see whether there is sufficient allegations,

25   sufficient factual allegations that are plausible in

1    themselves and that plausibly give rise to a cause of action

2    under the legal doctrines that are set forth, that are

3    articulated.  And the complaint does just that.

4             So, I'm going to deny the motion to dismiss.  You're

5    in discovery supervision with Magistrate Judge Cole, so I

6    don't want to step on his toes.

7             So, let me set a status hearing, Claire, for

8    October 18th of 2022, which is going to be after the close

9    of fact discovery, which is in late September.

10            And I know that in the status report Amazon said

11   that it was going to be filing a summary judgment motion

12   perhaps in the near future.  And you certainly can do that,

13   especially if you think that you have the facts to show that

14   this technology does not work in the way that the defendant --

15   that the plaintiff says that it works, in that you can show

16   that it's undisputed that Amazon never possesses or collects

17   that face geometry and the other biometric information.

18            So, having raised that, let me ask the defendant, do

19   you plan on filing a summary judgment motion at any point in

20   the near future?

21            MR. FOUTS:  Thank you, your Honor.  Greg Fouts for

22   Amazon.

23            I guess it depends on how you define the near future.

24   We are not in a position, I think, imminently to file an early

25   summary judgment motion, but we are certainly sort of

1   targeting that as a goal.

2           So, I can't give you a prospective date for that,

3   but I think it would be certainly during the discovery period

4   or before the close of the discovery period as it was set by

5   Judge Lee.

6           THE COURT:  Got it.  All right.  That's fine.  So,

7   I'll just keep that October 18th status.

8           Plaintiff, anything further from you?

9           MR. KUYPER:  Not specifically, your Honor.  I mean

10  generally, given the state of discovery and the fact that

11  we're getting stonewalled, you know, we think a summary

12  judgment motion would be premature; but since counsel says

13  it's not imminent, I'm not sure that's an issue that we

14  really need to dive into today.

15          THE COURT:  All right.  Anything further from Amazon?

16          MR. FOUTS:  No, your Honor.

17          THE COURT:  Okay.  Well, thanks to you both, and

18  we'll get back together in October.  And obviously, if anybody

19  files a motion that is for -- on my side of the house rather

20  than Magistrate Judge Cole's, just file the motion.  I'll

21  bring you in.  If either side would like a status hearing

22  with me at any time before October, just give the courtroom

23  deputy a call, and we'll bring you in as soon as we're able

24  to do so.  Okay?

25          Be well.

1    MR. KUYPER:  Thank you, your Honor.

2    MR. FOUTS:  Thank you, your Honor.

3    THE COURT:  We'll get back together in October.

4    MR. KUYPER:  Thank you.  Bye.

5    (Which were all the proceedings heard.)

6                        CERTIFICATE

7    I certify that the foregoing is a correct transcript from

8    the record of proceedings in the above-entitled matter.

9

10   */s/Charles R. Zandi*            *May 5, 2022*

11   Charles R. Zandi                Date
     Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25