IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| G.T., by and through next friend LILIANA T. HANLON, *et al.*, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>) | |
| Plaintiffs, | ) | Case No. 1:21-cv-04976 |
| v. | ) | |
| | ) | Hon. Nancy L. Maldonado |
| SAMSUNG ELECTRONICS AMERICA, INC., *et al.*, | )<br>) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

206651

Plaintiffs submit this response to ECF No. 67, which Defendants filed regarding *Castelaz v. The Estée Lauder Companies, Inc., et al.*, 2024 U.S. Dist. LEXIS 7321 (N.D. Ill. Jan. 10, 2024), and *Clarke v. Aveda Corp.*, 2023 U.S. Dist. LEXIS 232492 (N.D. Ill. Dec. 1, 2023).

BIPA, 740 ILCS 14/10, defines three distinct groups of information. It provides:

"Biometric identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. Biometric identifiers do not include writing samples, written signatures, photographs, human biological samples used for valid scientific testing or screening, demographic data, tattoo descriptions, or physical descriptions such as height, weight, hair color, or eye color. Biometric identifiers do not include donated organs, tissues, or parts as defined in the Illinois Anatomical Gift Act or blood or serum stored on behalf of recipients or potential recipients of living or cadaveric transplants and obtained or stored by a federally designated organ procurement agency. …

"Biometric information" means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. …

"Confidential and sensitive information" means personal information that can be used to uniquely identify an individual or an individual's account or property. …

Biometric identifier has no requirement the defendant be able to use the data to identify an individual. On the other hand, biometric information is limited by the condition the information be used to identify an individual, while confidential and sensitive information has nothing to do with either of the other two definitions. In short, these are all distinct terms with distinct meanings.

Here, Plaintiffs allege biometric identifiers are at issue. ECF No. 50 ¶¶ 4, 7, 53, 55, 57. The biometric identifier definition does not require any of the biometric data listed to be capable of identifying anyone—by name or otherwise—much less that the *defendant* to be capable of doing so using such data in conjunction with other personal information it obtained, like name or email. "When a term is defined within a statute, that term must be construed by applying the statutory definition provided by the legislature." *People v. Fiveash*, 39 N.E.3d 924, 928 (Ill. 2015); *Colombo v. Youtube, LLC*, 2023 U.S. Dist. LEXIS 111574, at *6-9 (N.D. Cal. June 28, 2023)

1

(holding the "request to ignore the definition of 'biometric identifier' supplied by the Illinois legislature in favor of a single-minded focus on the word 'identifier' is misdirected").[1]

The Illinois Supreme Court rejects attempts to add non-existent provisions to BIPA. *Rosenbach v. Six Flags Entm't Corp.*, 129 N.E.3d 1197, 1204 (Ill. 2019). "BIPA's omission of the 'used to identify' condition in the 'biometric identifier' definition was intentional and thus . . . BIPA does not require a 'biometric identifier' to be used to identify an individual." *Melzer v. Johnson & Johnson Cons. Inc.*, 2023 U.S. Dist. LEXIS 73039, at *8 (D.N.J. Apr. 26, 2023); *accord People v. Goossens*, 39 N.E.3d 956, 959 (Ill. 2015) ("we assume that the legislature intended such limitations to certain conditions when it expressly provided that limitation, while at the same time, the legislature did not intend such limitations when the language is absent").

Yet that is not what *Castelaz* and *Clarke* did when they added the requirement to biometric identifier that the defendant must be capable of using it and other personal information (*e.g.* name, email, social security number) to identify the person by name.

Similarly, the "other" sources of information (*e.g.* account information, name, social security number) *Castelaz* and *Clarke* suggest defendant must be able to use to identify the subject of the face geometry for it to be a "biometric identifier" are the same type of information BIPA *separately* defines as "Confidential and sensitive information." *See* 740 ILCS 14/10; *id.* § 15(e)(2) (referring to "biometric identifiers" and "other confidential and sensitive information" as distinct things). *Castelaz* and *Clarke* impermissibly conflate the separately-defined terms "biometric identifier," "Confidential and sensitive information," and "biometric information" when the legislature made clear these three types of data are—and must be treated as—separate and distinct.

---

[1] "Because the question . . . involves the interpretation of an Illinois statute, [the Court must] apply Illinois's rules of statutory construction." *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1089 (7th Cir. 2016).

2

Dated: January 29, 2024

Respectfully submitted,

G.T., BY AND THROUGH NEXT FRIEND LILIANA T. HANLON, SHIMERA JONES, LEROY JACOBS, BALARIE COSBY-STEELE, JOHN DEMATTEO, RICHARD MADAY, MARK HEIL, ALLISON THURMAN, AND SHERIE HARRIS, individually and on behalf of all others similarly situated, Plaintiffs

By:  /s/ Theodore H. Kuyper

Keith J. Keogh
Theodore H. Kuyper
Gregg M. Barbakoff
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tkuyper@keoghlaw.com
gbarbakoff@keoghlaw.com

Christian Levis (*pro hac vice forthcoming*)
Amanda Fiorilla (*pro hac vice forthcoming*)
Rachel Kesten (*pro hac vice forthcoming*)
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
(914) 997-0500
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

***Attorneys for Plaintiffs and the Putative Class***

## **CERTIFICATE OF SERVICE**

  I hereby certify that, on January 29, 2024, I caused a copy of the foregoing ***Plaintiffs' Response to Defendants' Notice of Supplemental Authority*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

                 /s/ Theodore H. Kuyper

206651