IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| G.T., by and through next friend LILIANA T. HANLON, SHIMERA JONES, LEROY JACOBS, BALARIE COSBY-STEELE, JOHN DEMATTEO, RICHARD MADAY, MARK HEIL, ALLISON THURMAN, and SHERIE HARRIS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC and SAMSUNG ELECTRONICS CO., LTD.<br><br>Defendants. | Civil Action No: 1:21-cv-04976<br><br>Hon. Nancy L. Maldonado |

**DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC.'S AND SAMSUNG ELECTRONICS CO., LTD'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") respectfully notify this Court of the attached decision by Judge Durkin of this District in *Bhavilai v. Microsoft Corp.*, No. 22 C 3440, 2024 WL 992928, at *1 (N.D. Ill Feb. 8, 2024), published on Westlaw on March 8, 2024, which is new authority that supports Samsung's Motion to Dismiss (ECF 55).

In *Bhavilai*, a consumer asserted claims against Microsoft under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), based on the Microsoft Windows operating system's use of a Microsoft photo application to upload, store, and scan photographs of individuals. Judge Durkin dismissed the consumer's BIPA § 15(a) claim, holding that Microsoft was not "in possession of" the consumer's facial scan data: "The fact that Microsoft has the ability to give users [of Microsoft Windows] the ability to collect facial scan data does not mean that

Microsoft possesses the facial scan data." *Bhavilai.* 2024 WL 992928, at *1. Judge Durkin held that the consumer's BIPA § 15(b) claim should also be dismissed because Microsoft did not "collect," "capture," or "otherwise obtain" the consumer's facial scan data, noting that "selling or licensing a tool that can be used to collect a facial scan is not the same as actually doing the collecting" and that the consumer "has simply failed to allege that Microsoft did anything beyond providing a tool." *Id.* The consumer did not seek to further amend her complaint and Judge Durkin issued a final judgment dismissing the case with prejudice. *Bhavilai v. Microsoft Corp.*, Case No. 22-cv-03440 (N.D. Ill.), ECFs 36-37.

That same analysis supports dismissal here. Plaintiffs have not alleged—and cannot allege—facts plausibly supporting a reasonable inference either that (i) Samsung is "in possession of" the Face Clustering Data generated by their Samsung devices for purposes of their BIPA § 15(a) claim, or that (ii) Samsung "collect[s], capture[s], purchase[s], receive[s] through trade, or otherwise obtain[s]" the Face Clustering Data for purposes of their § 15(b) claim. 740 ILCS 14/15(a), (b). They do not allege that the Face Clustering Data is stored anywhere other than on Plaintiffs' own Samsung devices. They also do not allege any facts that plausibly show Samsung obtains or otherwise has access to the Face Clustering Data (and it does not). (*See* ECF 55 at 2-3, 4-6; *see also* ECF 64 at 1-3, 6-11.) Plaintiffs' attempt to conflate Samsung's control over the design of the software on Samsung devices with control of the Face Clustering Data that is generated by that software to argue that Samsung possesses or collects that data (*see* ECF 55 at 2, 6-8; ECF 64 at 1, 4-6) is precisely the argument that Judge Durkin rejected in *Bhavilai*.[1]

[1] The claims should also be dismissed because Plaintiffs do not—and cannot—allege that the Face Clustering Data function of the Gallery App on Samsung Galaxy devices has the capacity to identify individuals and therefore it is not "biometric identifiers" or "biometric information" under BIPA. (*See* ECF 55, at 3, 12; ECF 64, at 1.) The *Bhavilai* decision did not address this issue.

Dated: March 12, 2024

By: */s/ Randall W. Edwards*
Randall W. Edwards

ATTORNEY FOR DEFENDANTS
SAMSUNG ELECTRONICS AMERICA, INC.
and SAMSUNG ELECTRONICS CO., LTD.

O'MELVENY & MYERS LLP
Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700

O'MELVENY & MYERS LLP
Ashley M. Pavel
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660
(949) 823-6900

DONOHUE BROWN MATHEWSON &
SMYTH LLC
Mark H. Boyle
140 South Dearborn Street, Suite 800
Chicago, IL 60603
(312) 422-0900

*Attorneys for Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 12th day of March, 2024, he caused the foregoing Defendants Samsung Electronics America, Inc.'s and Samsung Electronics Co., Ltd.'s Notice Of Supplemental Authority to be filed with the Clerk of the District Court via the CM/ECF system, which will send notification of such filing to the following:

By: *_/s/ Randall W. Edwards_*
Randall W. Edwards

ATTORNEY FOR DEFENDANTS
SAMSUNG ELECTRONICA AMERICA,
INC. and SAMSUNG ELECTRONICS
CO., LTD.

O'MELVENY & MYERS LLP
Randall W. Edwards
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
(415) 984-8700

2024 WL 992928
Only the Westlaw citation is currently available.
United States District Court, N.D. Illinois, Eastern Division.

Pasinee BHAVILAI, individually and on behalf of similarly situated individuals, Plaintiff,
v.
MICROSOFT CORPORATION, Defendant.

No. 22 C 3440
|
Signed February 8, 2024

**Attorneys and Law Firms**

Timothy Patrick Kingsbury, McGuire Law, P.C., Chicago, IL, for Plaintiff.

David Charles Layden, Elena Marie Olivieri, Jenner & Block LLP, Chicago, IL, for Defendant.

**ORDER**

Thomas M. Durkin, United States District Judge

***1** Pasinee Bhavilai alleges that Microsoft possesses her facial scan in violation of sections 15(a) and 15(b) of the Illinois Biometric Information Privacy Act ("BIPA"). Bhavilai alleges that Microsoft acquired this information when third parties viewed her photograph with a device running the Windows 10 or 11 operating system owned and controlled by Microsoft. Microsoft has moved to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 24. That motion is granted.

BIPA § 15(a) imposes certain requirements on an entity that is "in possession of biometric identifiers or biometric information," such as a facial scan. **740** ILCS § **14**/**15**(a). Bhavilai concedes that she "does not allege that her biometrics were 'physically' stored on [Microsoft's] hardware." R. 29 at 5. Instead, she notes that "courts have required evidence of 'dominion or control' to show possession for purposes of § 15(a)." *Wilk v. Brainshark, Inc.*, 631 F. Supp. 3d 522, 530-31 (N.D. Ill. 2022). Following this interpretation, she argues that Microsoft "exercised dominion and control" over her facial scan because it designed, licensed, and updated the facial scan software on users' devices. *See* R. 29 at 4. Bhavilai alleges that Microsoft exercised control over the device users' ability to access and use the facial scan software. But control of the facial scan software is not the same as control of the facial scan data that is collected using the software. Bhavilai has not alleged that Microsoft used or exercised any control over her facial scan data in any way. The fact that Microsoft has the ability to give users the ability to collect facial scan data does not mean that Microsoft possesses the facial scan data.

Similar to § 15(a), BIPA § 15(b) imposes certain requirements on an entity that "collects," "captures," or "otherwise obtains" a person's "biometric identifiers or biometric information." **740** ILCS § **14**/**15**(b). Bhavilai argues that Microsoft "collected" her facial scan data when it "enabled the facial biometric scanning within its Photos application." R. 29 at 6. Bhavilai argues that because Microsoft retained the ability to control whether and how a user could use the facial scan software demonstrates that Microsoft was in fact the collector. But selling or licensing a tool that can be used to collect a facial scan is not the same as actually doing the collecting. This argument conflates two different activities—providing the tool versus using the tool. Bhavilai has simply failed to allege that Microsoft did anything beyond providing a tool.

Therefore, Microsoft's motion to dismiss [24] is granted, and Bhavilai's claims are dismissed without prejudice. If Bhavilai believes she can cure the deficiencies with her allegations described in this opinion, she has leave to file an amended complaint by 3/8/2024. Bhavilai should inform the Court's Deputy and Microsoft by email no later than 2/26/2024 whether she intends to file an amended complaint. If Bhavilai does not filed an amended complaint by 3/8/2024, her claims will be dismissed with prejudice.

**All Citations**

--- F.Supp.3d ----, 2024 WL 992928

**End of Document** © 2024 Thomson Reuters. No claim to original U.S. Government Works.