**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| G.T., by and through next friend LILIANA T. HANLON, *et al.*, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | Case No. 1:21-cv-04976 |
| v. | ) | Hon. Nancy L. Maldonado |
| SAMSUNG ELECTRONICS AMERICA, INC., *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this response to ECF No. 70, which Defendants filed regarding *Bhavilai v. Microsoft Corp.*, 2024 WL 992928 (N.D. Ill. Feb. 8, 2024). *Bhavilai* is unavailing to Samsung.

Under Section 15(a), "'possession . . . occurs when a person has or takes control of the subject property," and this "does not require exclusive control." *Hazlitt v. Apple Inc.*, 543 F. Supp. 3d 643, 653 (S.D. Ill. 2021) (quoting *People v. Ward*, 830 N.E.2d 556, 560-61 (Ill. 2005)); *accord Smith v. Signature Systems*, 2022 U.S. Dist. LEXIS 34383, at *8-9 (N.D. Ill. Feb. 28, 2022) (possession only requires "some dominion or control" over the data).

The *Bhavilai* court dismissed the Section 15(a) claim, reasoning "Bhavilai has not alleged that Microsoft used or exercised any control over her facial scan data in any way." Here, in stark contrast, Plaintiffs allege the requisite control. They allege that after secretly capturing their biometric data, Samsung then used the biometric data to create biometric Face Templates that Samsung stored in a database Plaintiffs had no knowledge of or ability to access or destroy. ECF No. 50 ("*Compl.*") ¶¶ 7-9, 52-54, 64. Samsung controlled the biometric data that was captured, and then whether, where, in what format, and for how long the biometric data was stored. *Id.* ¶ 60. Samsung also controlled how the biometric data that it stored could be used, as Samsung accessed and used it to tag and group images of individuals appearing in the photos, while preventing Plaintiffs and everyone else from accessing or using it, or having any control over the tool Samsung used to capture it. *Id.* ¶¶ 52, 55-56, 58-59, 61-64. As such, Plaintiffs adequately plead "possession" by alleging Samsung exerted at least "some dominion or control" over their biometric data, and *Bhavilai* is inapposite to the Section 15(a) claim here.

*Bhavilai* is also unavailing as to Section 15(b). The *Bhavilai* court dismissed that claim, reasoning "selling or licensing a tool that can be used to collect a facial scan is not the same as actually doing the collecting," and Bhavilai "failed to allege that Microsoft did anything beyond

providing a tool." The dispositive issue under Section 15(b) is whether the defendant ultimately controlled the biometric data and process used to capture it. *See Cothron v. White Castle Sys.*, 216 N.E.3d 918, 923 (Ill. 2023) ("The active verbs used in section 15(b)—collect, capture, purchase, receive, and obtain—all mean to gain control[.]").

"Control" means "to exercise restraining or directing influence over" or "to have power over."[1] Here, Plaintiffs allege Samsung alone controlled <u>every</u> aspect of the biometric data's life cycle, from Samsung bringing it into existence by surreptitiously extracting it, to Samsung storing, accessing, and using it—and excluding others from accessing or controlling it or the "tool" Samsung used to obtain it. *Compl.* ¶¶ 4-9, 52-64.

Plaintiffs, by contrast, did not use any biometric-data-collection "tool" provided by Samsung, or decide to extract/capture/use anyone's biometric data. They simply saved photos to their Samsung Devices. The biometric data Samsung harvested, and the "tool" Samsung used to do so, were exclusively in Samsung's control and completely out of Plaintiffs' control—Plaintiffs did not even know those things existed, nor did they have any ability to access, use, or delete the biometric data. *See Compl.* ¶¶ 4, 6-7, 61-64. A person cannot "exercise directing influence over" or "have power over" something the person does not even know exists and has no ability to access, use, or delete. Thus, under the facts alleged here, Samsung—not the Plaintiffs—is who controlled the biometric data by capturing and collecting it.[2]

In sum, *Bhavilai* is inapposite and Samsung's motion to dismiss should be denied.

---

[1] *Control Definition*, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/control.

[2] As used in Section 15(b), "collect" means "to receive, gather, or extract from a number of persons or other sources," and "capture" means "to take, seize, or catch." *Cothron*, 216 N.E.3d at 924. Here, Plaintiffs plead collection by alleging how Samsung extracted the biometric data from myriad persons and sources—*i.e.* every person appearing in any photo on the Samsung Device—and gathered it in a database. *Compl.* ¶¶ 4, 52-57, 71. As none of this was voluntary, Samsung also "captured" the biometric data by seizing it from those photos without the user's knowledge or consent. *Id.* ¶¶ 4, 6-10, 58-59, 62-63.

Dated: March 20, 2024

Respectfully submitted,

G.T., BY AND THROUGH NEXT FRIEND LILIANA T. HANLON, SHIMERA JONES, LEROY JACOBS, BALARIE COSBY-STEELE, JOHN DEMATTEO, RICHARD MADAY, MARK HEIL, ALLISON THURMAN, AND SHERIE HARRIS, individually and on behalf of all others similarly situated, Plaintiffs

By: /s/ Theodore H. Kuyper

Keith J. Keogh
Theodore H. Kuyper
Gregg M. Barbakoff
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tkuyper@keoghlaw.com
gbarbakoff@keoghlaw.com

Christian Levis (*pro hac vice forthcoming*)
Amanda Fiorilla (*pro hac vice forthcoming*)
Rachel Kesten (*pro hac vice forthcoming*)
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
(914) 997-0500
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

***Attorneys for Plaintiffs and the Putative Class***

## CERTIFICATE OF SERVICE

I hereby certify that, on March 20, 2024, I caused a copy of the foregoing ***Plaintiffs' Response to Defendants' Notice of Supplemental Authority*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

/s/ Theodore H. Kuyper