**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| G.T., by and through next friend LILIANA T. HANLON, *et al.*, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | Case No. 1:21-cv-04976 |
| v. | ) | Hon. Nancy L. Maldonado |
| SAMSUNG ELECTRONICS AMERICA, INC., *et al.*, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

In further support of *Plaintiffs' Response in Opposition to Defendants' Motion to Dismiss* (ECF No. 62), Plaintiffs respectfully notify this Court of the recent opinions in *Sheppard v. Fantasia Trading LLC*, No. EDCV 23-2407 JGB (Ex), 2024 U.S. Dist. LEXIS 76761 (C.D. Cal. Apr. 25, 2024) attached as **Exhibit 1**, and *Brown v. AS Beauty Grp. LLC*, No. 22 C 7288, 2024 U.S. Dist. LEXIS 93861 (N.D. Ill. May 22, 2024) attached as **Exhibit 2**.

*Sheppard* and *Brown* are directly relevant to Plaintiffs' argument on Page 25 of 29 that alleging a scan of face geometry was involved adequately pleads a "biometric identifier" as defined by BIPA (735 ILCS 14/10), without also alleging defendant is capable of using (or actually used) the scan of face geometry with or without other information (*e.g.* name, email) to identify a particular individual. *See Sheppard*, 2024 U.S. Dist. LEXIS 76761 at *19-21 ("BIPA's text provides little basis for the 'capable of determining' standard—nowhere does the statute state that biometric identifiers must consist of or link to identity information such as names or addresses. … Moreover, BIPA's omission of the phrase 'used to identify' in its definition of biometric identifier, but its inclusion in the definition of biometric information, indicates that a biometric identifier

need not be used to identify an individual. … Plaintiffs adequately allege the existence of biometric identifiers—namely, scans of their face or hand geometry.”); *Brown*, 2024 U.S. Dist. LEXIS 93861 at *13-15 (“Defendant also asserts that Plaintiff’s claim should be dismissed because she failed to allege that the biometric identifier Defendant collected (*i.e.*, facial geometry) was capable of identifying particular individuals. … However, the Court does not find support in the statute or policy rationale for this ‘narrower reading of BIPA’s broad language.’ *Konow v. Brink's Inc.*, No. 23 C 760, 2024 WL 942553 at *4 (N.D. Ill. Mar. 5, 2024) (‘This court is not certain that the 'uniquely identifying' test is supported by BIPA’s plain language.’). … Furthermore, the nature of a ‘biometric identifier’ is that it is capable of determining an individual’s identity, which is why the Illinois legislature felt compelled to draft BIPA to protect such information. … There is no requirement to plead that the specific biometric identifiers in each case were especially capable of being used to identify an individual.”).

The analyses in *Sheppard* and *Brown* support Plaintiffs’ argument that alleging a scan of face geometry was involved adequately pleads a “biometric identifier,” which is what Plaintiffs here expressly allege. *See Consol. Am. Compl.* ¶¶ 4, 7, 53, 55, 57 (ECF No. 50).

Dated: May 28, 2024

Respectfully submitted,

G.T., BY AND THROUGH NEXT FRIEND LILIANA T. HANLON, SHIMERA JONES, LEROY JACOBS, BALARIE COSBY-STEELE, JOHN DEMATTEO, RICHARD MADAY, MARK HEIL, ALLISON THURMAN, AND SHERIE HARRIS, individually and on behalf of all others similarly situated, Plaintiffs

By: /s/ Theodore H. Kuyper

Keith J. Keogh
Theodore H. Kuyper
Gregg M. Barbakoff
KEOGH LAW, LTD.

55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tkuyper@keoghlaw.com
gbarbakoff@keoghlaw.com

Christian Levis (*pro hac vice forthcoming*)
Amanda Fiorilla (*pro hac vice forthcoming*)
Rachel Kesten (*pro hac vice forthcoming*)
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
(914) 997-0500
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

***Attorneys for Plaintiffs and the Putative Class***

## CERTIFICATE OF SERVICE

I hereby certify that, on May 28, 2024, I caused a copy of the foregoing ***Plaintiffs' Notice of Supplemental Authority*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

/s/ Theodore H. Kuyper