IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

G.T., by and through next friend LILIANA T. HANLON, SHIMERA JONES, LEROY JACOBS, BALARIE COSBY-STEELE, JOHN DEMATTEO, RICHARD MADAY, MARK HEIL, ALLISON THURMAN, and SHERIE HARRIS, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

SAMSUNG ELECTRONICS AMERICA, INC and SAMSUNG ELECTRONICS CO., LTD.

Defendants.

Civil Action No: 1:21-cv-04976

Hon. Nancy L. Maldonado

**DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC.'S AND SAMSUNG ELECTRONICS CO., LTD'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") hereby respond to Plaintiffs' Notice of Supplemental Authority, ECF 72, in which they submitted to this Court *Sheppard v. Fantasia Trading LLC*, 2024 WL 1916763 (C.D. Cal. Apr. 25, 2024) and *Brown v. AS Beauty Grp. LLC*, 2024 WL 2319715 (N.D. Ill. May 22, 2024).

***First***, *Sheppard* and *Brown* confirm that Plaintiffs here have failed to state a claim under Section 15(b) of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA") because Plaintiffs do not allege that Samsung took active steps to collect their data:

- In *Sheppard*, the court dismissed a Section 15(b) claim because "nowhere do Plaintiffs plead that ***Fantasia*** . . . took any active step towards collecting the

biometric identifiers (e.g., by transferring the data to a Fantasia cloud)." 2024 WL 1916763, at *8 (emphasis in original) (internal citation omitted). *Sheppard* also dismissed a Section 15(a) claim on the ground that "the [First Amended Complaint] lacks any allegation that Fantasia, specifically, collected or obtained Plaintiffs' biometric identifiers" and "[t]he Court also cannot identify any allegations in the FAC that Fantasia independently possessed Plaintiffs' biometric data." *Id.* at *9.

- *Brown* also confirms the relevant test, allowing that plaintiff's Section 15(b) claim to survive only because she had alleged that the defendant took several active steps towards collection, including that it "extract[ed] the user's biometric data," "combined [it] with data necessary to show . . . beauty products on the user's face," "repackaged" it, and "sent [it] back to the user's device." 2024 WL 2319715, at *4.

Plaintiffs here do not allege that Samsung transferred to itself, or otherwise collected, obtained, or had access to, the Face Clustering Data.

***Second***, and independently, nothing in *Brown* or *Sheppard* forecloses Samsung's contention that BIPA does not regulate the Face Clustering Data. Under BIPA, a "biometric identifier" must have the capacity to identify individuals. Here, Plaintiffs have failed to sufficiently allege that the Face Clustering Data is a "biometric identifier" because they do not allege that it can, or does, identify individuals. *See* ECF 55 (Motion) at 11-15; ECF 64 (Reply) at 12-16. While *Brown* and *Sheppard* do not adopt that logical reading of the statute, they acknowledge that other authorities support Samsung's construction:

- *Brown* acknowledges that "courts in this district have gone both ways" on the question of whether a "biometric identifier" must be able to identify individuals. *Brown*, 2024 WL 2319715, at *5. *Brown* cites *Clarke v. Aveda Corp.*, 2023 WL

9119927 (N.D. Ill. Dec. 1, 2023) and *Castelaz v. Estee Lauder Cos.*, 2024 WL 136872 (N.D. Ill. Jan. 10, 2024)—which Samsung submitted to this Court, *see* ECF 67—as examples of cases that interpret "biometric identifier" to mean data that can identify individuals.

- Similarly, *Sheppard* acknowledges that some courts in this circuit have interpreted BIPA to contain "a requirement that scans of unique personal features must be capable of being used to uniquely identify a plaintiff." 2024 WL 1916763, at *6 (citing, *inter alia*, *Clarke*). *Sheppard* does not adopt that interpretation, but also distinguishes those authorities by noting that "[e]ven assuming a narrower interpretation of 'biometric identifier' in line with the 'capable of determining' standard," "Plaintiffs allege that Defendant recently stored images and facial recognition data on the cloud, that Defendant 'could [therefore] link footage collected from different cameras and apps to individuals using facial recognition,' and that Plaintiffs all have publicly accessibly social media profiles containing their names and faces." *Id.* at *7. There are no such allegations here.

Dated: June 3, 2024

By: /s/ *Randall W. Edwards*
Randall W. Edwards

ATTORNEY FOR DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.

DONOHUE BROWN MATHEWSON & SMYTH LLC
Mark H. Boyle
140 South Dearborn Street, Suite 800
Chicago, IL 60603
(312) 422-0900

O'MELVENY & MYERS LLP
Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
(415) 984-8700

O'MELVENY & MYERS LLP
Ashley M. Pavel
610 Newport Center Dr., 17th Floor
Newport Beach, CA 92660
(949) 823-6900

*Attorneys for Samsung Electronics America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3rd day of June, 2024, he caused the foregoing DEFENDANTS SAMSUNG ELECTRONICS AMERICA, INC.'S AND SAMSUNG ELECTRONICS CO., LTD.'S RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY to be filed with the Clerk of the District Court via the CM/ECF system, which will send notification of such filing to all counsel of record.

By: *_/s/ Randall W. Edwards_*
Randall W. Edwards

ATTORNEY FOR DEFENDANTS
SAMSUNG ELECTRONICS AMERICA,
INC. AND SAMSUNG ELECTRONICS
CO., LTD.

O'MELVENY & MYERS LLP
Randall W. Edwards
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
(415) 984-8700