**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| G.T., by and through next friend LILIANA T. HANLON, *et al.*, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) | Case No. 1:21-cv-04976 |
| v. | ) ) | Hon. Nancy L. Maldonado |
| SAMSUNG ELECTRONICS AMERICA, INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
<u>NOTICE OF SUPPLEMENTAL AUTHORITY (ECF NO. 75)</u>**

220758

Plaintiffs submit this response to ECF No. 75. *Zellmer v. Meta Platforms, Inc.*, 2024 U.S. App. LEXIS 14619 (9th Cir. June 17, 2024) and *Martell v. X Corp.*, 2024 U.S. Dist. LEXIS 105610 (N.D. Ill. June 13, 2024) are irreconcilable with *Rosenbach v. Six Flags Entm't Corp.*, 129 N.E.3d 1197, 1204 (Ill. 2019) as they conflict with BIPA's plain language, and they violate Illinois' rules of statutory construction those courts (and this Court) are required to follow.

"Because the question . . . involves the interpretation of an Illinois statute, [the Court must] apply Illinois's rules of statutory construction." *Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1089 (7th Cir. 2016). Under those rules, "[w]hen a term is defined within a statute, that term must be construed by applying the statutory definition provided by the legislature." *People v. Fiveash*, 39 N.E.3d 924, 928 (Ill. 2015); *People v. Chenoweth*, 25 N.E.3d 612, 617 (Ill. 2015) (same). Furthermore, the Illinois Supreme Court has already held under BIPA a court "may not depart from the law's terms by reading into it exceptions, limitations, or conditions the legislature did not express, nor may [a court] add provisions not found in the law." *Rosenbach* at 1204.

Yet this is what *Zellmer* and *Martell* have done as the legislature in BIPA already provided a definition of "biometric identifier" which expressly states the phrase includes six specific items:

> "Biometric identifier" means a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry.

740 ILCS 14/10. No part of the definition even arguably states any of the items listed must be capable of being used by the defendant or others to identify a person by name or otherwise. As such, Illinois' rules of construction quoted above allow for only one conclusion—each item expressly listed in the definition is a "biometric identifier" even absent allegations or proof that the defendant (or anyone else) can (or actually did) use the item to identify a person.[1]

---

[1] Thus, Plaintiffs' allegations Samsung captured scans of their face geometry adequately plead a "biometric identifier" was involved. *See Consol. Am. Compl.* ¶¶ 4, 7, 53 55, 57 (ECF No. 50).

Other Illinois rules of construction and BIPA provisions independently compel the same interpretation. "It is well settled that when the legislature uses certain language in one instance of a statute and different language in another part, [courts] assume different meanings were intended." *People v. Goossens*, 39 N.E.3d 956, 959 (Ill. 2015); *Ill. State Treasurer v. Ill. Workers' Comp. Comm'n*, 30 N.E.3d 288, 296 (Ill. 2015) (same). More self-evidently, courts must "assume that the legislature intended . . . limitations to certain conditions when it expressly provided that limitation, while at the same time, the legislature did not intend such limitations when the language is absent." *Goossens*, 39 N.E.3d at 959.

Here, BIPA includes other definitions that expressly provide the very limitations *Zellmer* and *Martell* improperly add to the "biometric identifier" definition which omits those limitations:

> "Biometric information" means any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier *used to identify an individual.* . . .
>
> "Confidential and sensitive information" means personal information that *can be used to uniquely identify an individual* or an individual's account or property.

740 ILCS 14/10 (emphasis added). Under Illinois' rules of construction, the legislature's inclusion of the italicized language in those definitions but omission of it from the definition of biometric identifier demonstrates it is simply not a requirement for a biometric identifier.[2]

Not surprisingly, the courts which have followed Illinois' rules of statutory construction quoted above in interpreting "biometric identifier" all conclude the interpretation in *Zellmer* and *Martell* is untenable. *See Sheppard v. Fantasia Trading LLC*, 2024 U.S. Dist. LEXIS 76761, at

---

[2] Plaintiffs adequately plead Samsung collected "biometric information" by alleging it converted the scan of each person's face geometry into a mathematical representation (*i.e.* Face Template) of the person's face that Samsung then used to identify the person among the sea of people in the hundreds or thousands of Face Templates Samsung stored in each person's Gallery App. *See Consol. Am. Compl.* ¶¶ 4-5, 53, 55-56 (ECF No. 50). What Samsung's software did is no different than a witness "identifying" a suspect in a police lineup. Further, the biometric information need not be used to identify a person *by name* as the definition of "biometric information" contains no such limitation. *See* 740 ILCS 14/10.

2

*19-21 (C.D. Cal. Apr. 25, 2024) (relying on rules of construction from/identical to *Fiveash*, *Goossens*, and *Ill. State Treasurer* and "BIPA's omission of the phrase 'used to identify' in its definition of biometric identifier, but its inclusion in the definition of biometric information"); *Colombo v. Youtube, LLC*, 679 F. Supp. 3d 940, 944-45 (N.D. Cal. 2023) (same, relying on rules from/identical to *Fiveash* to conclude "ignor[ing] the definition of 'biometric identifier' supplied by the Illinois legislature in favor of a single-minded focus on the word 'identifier' is misdirected"); *Melzer v. Johnson & Johnson Consumer Inc.*, 2023 U.S. Dist. LEXIS 73039, at *8-10 (D.N.J. Apr. 26, 2023) (relying on rule identical to *Goossens* and *Ill. State Treasurer* and "omission of the 'used to identify' condition in the 'biometric identifier' definition").

Also not surprisingly, *Zellmer* and *Martell* ignore Illinois' rules of statutory construction discussed above and the legislature's definition of "biometric identifier," just as Samsung does. *See* ECF No. 64 at 16 of 22 (citing only BIPA § 5(c), not § 10 containing all definitions).

*Zellmer* relied instead on federal rules of construction that violate those Illinois rules. *See Zellmer*, 2024 U.S. App. LEXIS 14619 at *13-16 (relying on rule from *Bond v. United States*, 572 U.S. 844, 861 (2014) that, in construing a federal statute, "it is not unusual to consider the ordinary meaning of a defined term," ignoring legislature's "biometric identifier" definition and construing only "ordinary meaning of 'identifier,'" also relying on other Supreme Court cases applying federal rules of construction). *Zellmer* also incorrectly reasoned inclusion of the language italicized above in the definitions of "biometric information" and "confidential and sensitive information" actually supports a conclusion that the "biometric identifier" definition shares those same requirements—despite the legislature intentionally *omitting* them from the "biometric identifier" definition. *See Zellmer*, 2024 U.S. App. LEXIS 14619 at *15 (relying on federal rule of construction from *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998), baselessly

3

asserting same rule applies in Illinois and citing Illinois case offering no support for proposition).

Similarly, *Martell* does not apply or mention Illinois' rules of construction. *See Martell*, 2024 U.S. Dist. LEXIS 105610 at *9-14. Instead, the court reasoned since the statutorily-defined phrase "biometric identifier" "includes the word identifier," it should rely on a dictionary definition of the word "identifier" while ignoring the statute explicitly defines what "biometric identifier." *See id.* at *10-11. *Martell* also reasoned that, without the "capable of identifying" requirement, the biometric identifier definition "would contravene the very purpose of BIPA" because, "[i]f a face geometry scan could not identify an individual, how could a business provide the individual with notice and obtain their consent?" *Id.* at *11. Yet the notion that an entity cannot make disclosures to obtain consent from a user without first identifying them using a scan of face geometry misunderstands the fact BIPA requires consent to be obtained <u>before</u> capturing one's biometrics. Thus, the added requirement the biometric identifier must identify the individual not only adds an improper limitation the legislature omitted from the definition, but it also conflicts with the core provision that consent must be obtained first. This violates additional Illinois rules of statutory construction. *See* 740 ILCS 14/15(b) (providing disclosures and consent must occur "first" in relation to capturing scan of face geometry); *Dawkins v. Fitness Int'l, LLC*, 210 N.E.3d 1184, 1193-94 (Ill. 2022) (courts must avoid a construction "that 'would lead to real-world results . . . the legislature could not have intended'").

In sum, *Zellmer* and *Martell* are analytically unsound because both—just like all of the other opinions espousing Samsung's proffered interpretation of the phrase "biometric identifier"— ignore the plain language of the definition the legislature expressly provided in the statute. In short, courts are not free to create their own definition when BIPA already defines the term. Samsung's motion to dismiss should be denied.

220758

Dated: July 1, 2024

Respectfully Submitted,

G.T., BY AND THROUGH NEXT FRIEND LILIANA T. HANLON, SHIMERA JONES, LEROY JACOBS, BALARIE COSBY-STEELE, JOHN DEMATTEO, RICHARD MADAY, MARK HEIL, ALLISON THURMAN, AND SHERIE HARRIS, individually and on behalf of all others similarly situated, Plaintiffs

By: /s/ Theodore H. Kuyper

Keith J. Keogh
Theodore H. Kuyper
Gregg M. Barbakoff
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tkuyper@keoghlaw.com
gbarbakoff@keoghlaw.com

Christian Levis (*pro hac vice forthcoming*)
Amanda Fiorilla (*pro hac vice forthcoming*)
Rachel Kesten (*pro hac vice forthcoming*)
LOWEY DANNENBERG, P.C.
44 South Broadway, Suite 1100
White Plains, New York 10601
(914) 997-0500
clevis@lowey.com
afiorilla@lowey.com
rkesten@lowey.com

***Attorneys for Plaintiffs and the Class***

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on July 1, 2024, I caused a copy of the foregoing ***Plaintiffs' Response to Defendants' Notice of Supplemental Authority (ECF No. 75)*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

                                                                 /s/ Theodore H. Kuyper

220758